Chief Justice Robertson
delivered the Opinion of'the Court.
Breading’s heirs having evicted Michael Morell, by a ha-here facias possessionem issued on a judgment by default, -which they had obtained against him as the tenant in possession — his landlord, James Taylor, at the next term succeeding that at which the judgment had been obtained — suggesting to the Court that his title was the best, and showing, also, by affidavits, that he had no intimation of the pendency of the action until after the eviction of his tenant — procured an order purporting to set aside the judgment, and let himself in as a defendant5 an<i a^s0? an enter for restitution of possession.— Breading’s heirs having excepted to these orders, have, *227 before there was any other proceeding in the Court below, brought the case to this Court, by a writ of error made to operate as a supersedeas.
The fact that a sheriff, in executing a ha. fa. delivered more land than the defendantheld,does not justify an Order of restitution for the whole.— Nor can it' be justified by an order setting aside the judg’t made at a subsequent term — when the court had no power over the judg’t. The order of restitution, in such case, is annulled here, as a spurious and vexatious incumbrance.
Where moreland has been delivered under a ha. fa. than thejudgment includes, there may be an order of restitution pro tanto, by motion, upon an appropriate, notice.
Though the record of the action of ejectment, which had been, as we believe, filed in this Court, with that of the orders made on Taylor’s motion, and should have been incorporated with it by the clerk of the Circuit Court, has been casually lost, and .is not, therefore, now before us, still there is, in our opinion, enough in that which remains, to enable us to determine that the judgment of eviction .was regular, valid, and final, and that the only ground on which it was set aside and restitution was ordered, was that presented by Taylor, in his affidavits, as already described. We will therefore proceed to decide the case, without determining whether we ought now to order a certiorari, had one been deemed necessary to a proper judicial understanding of all the essential facts.
Whatever may have been once the occasional practice in England or elsewhere, we are satisfied that a final judgment in ejectment is as irrevocable as any such judgment in any other class of cases, 'can be deemed to be, and that it is not, therefore, an exception from the salutary rule, that, after the expiration of the térm at which a final and unconditional judgment shall have beenreg-ularly entered, the Court that rendered it, can not revoke or alter it. And we are, therefore, clearly of the opinion that the Circuit Court had no authority to set aside the judgment in this case.
If the order for setting aside the judgment should be deemed erroneous merely, it would be considered as interlocutory, and therefore, like an erroneous order for a new trial by a court having power to make it, would not be subject to the revision of this Court until the case, thus authoritatively re-opened for litigation in the Court below, had been again closed by another final judgment. Even in that aspect of the case, however, the order for restitution, being, as it was, enforcible by the process of the law, beyond the control of the Court, between the end of the term at which it was granted and the commencement of the next succeeding term— *228 was1, in our opinion, therefore, so far final as to be subject to be set aside on an appeal or writ of error to this Court, even during the pendency of the suit in the Circuit Court. And even if, as suggested by Taylor’s counsel, Morell was not possessed of all the land of which possession was given to Breading,s heirs under the habere facias, and therefore the judgment should not be deemed an .authority for delivering to them the possession of .all the land which was delivered to them by the sheriff, still the order for restitution of the entire possession should not be sustained.
But the Circuit Judge having no authority over the judgment of eviction, and his order for setting it aside being, therefore, in judgment of law, a nullity, the judgment should be deemed to be still in full force; and consequently there'is no lis pendens in the Court below.
And therefore, as the order for opening the case did not open it, or, in any legal or effectual sense, destroy or impair the judgment of eviction, it was not interlocutory and merely erroneous, but was as final as it was void, and should now be set aside as a spurious and vexatious incumbrance.
If Taylor’s title is best, he has not sought an appropriate or available remedy. And if Breading’s heirs got possession of more land than the judgment, according to its legal effect, entitled them to, Taylor may yet obtain a special order of restitution pro tanto. The motion for restitution in this case, was merely incidental to the main motion to set aside the judgment of eviction; and the order for restitution seems to have been only the consequence of the setting aside of the judgment. There was no motion for partial restitution in consequence of any alleged abuse of the process of the Court. And whether the sheriff delivered possession of more land than the judgment authorized, seems not to have been litigated, and could not have been without the consent of Breading’s heirs; because they had been notified only of Taylor’s intention to move to set aside the judgment, and to have entire restitution as the necessary consequence of vacating the judgment. And though a fact, tending to show that the judgment may *229 not have authorized the eviction from the whole tract of one thousand acres, was suggested in Taylor’s own affidavit, and in that of another person, yet it was stated only in an incidental manner, e& parte, without cross examination, and without any apparent or presumable intention to litigate it, as a specific ground of application to the Court for any judicial order. And had it been, in fact, litigated, possibly it might have been controverted and disproved.
This Court should not, therefore, on such a state of case, direct restitution pro tanto; but should, as to the now alleged abuse of the habere facias, leave Taylor to any specific remedy for partial restitution on that ground, which he may choose to, adopt, and which will not, of course, be barred by this' opinion on a different matter.
Wherefore, it is considered that the order for setting aside the judgment of eviction, and that, also, for restitution, be themselves set aside and held for nought.