## Luther v. Commonwealth Farm Loan Company, et al.

(Decided November 23, 1923.)

### Appeal from Graves Circuit Court.

1. Appeal and Error—Defendant, in Absence of Answer, Objection or Exception, Not Entitled to Relief on Appeal.—Where the pleadings were sufficient to support the judgment rendered, and there was no answer by defendant, no objection or exception taken by him to the judgment, he is not entitled to any relief on appeal.

2. Appeal and Error—Judgment Held Not Final or Appealable.—A judgment in an action, setting aside so much of an order and judgment in another action as directed a sale of tobacco covered by a lien, and adjudging that so much of the judgment as provided that the plaintiff have a prior lien be set aside and held for naught and the cause continued, was not final or appealable; the record not showing what proceedings were had subsequent to the entry thereof.

JAMES DEBORD and WM. S. FOY for appellant.

HOLIFIELD & McDONALD, HESTER, SEAY & HESTER and JOHNSTON & WYMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming in part and reversing in part.

This action was commenced by the Carter-Randolph Company, &c., against appellant, Luther, in the Graves

circuit court on March 25, 1921, to recover the sum of $240.00 due, as it was alleged, upon an open account. In the petition it is averred that Luther had executed and delivered several different mortgages on his property which were declared to be preferential, operating as a general assignment of the property of Luther for the benefit of all his creditors under the act of 1856. Before this suit was commenced and on February 15, 1921, the Commonwealth Farm Loan Company began an action against Luther to enforce a mortgage on his 140-acre farm for $4,000.00 with interest, and to have a sale of the land and an application of the proceeds to the payment of that debt.

It is admitted by appellant that at the time of the commencement of these actions he was indebted to the Farm Loan Company in the sum of $4,000.00 with interest, and to the Exchange Bank of Mayfield in the sum of $810.00 with interest. He further admits he was indebted to W. D. Jackson in the sum of $183.85; W. A. Routin in the sum of $150.00; T. F. Byrn in the sum of $285.00, and A. B. Burn in the sum of $359.75, all of which debts were secured by mortgages on his real and personal property. He also admits that he owed to Lockridge and Ridgeway $110.00, and to W. H. Luther $300.00, and to Carter-Randolph Company $240.03, and part of these were unsecured.

In the action of Carter-Randolph Company it was sought to have its debt of $240.03 reduced to judgment and the mortgage executed by Luther to T. F. Bird adjudged to work an assignment of the mortgaged property as of October 11, 1920, and if this could not be done that the mortgage to A. B. Byrn be adjudged to work an assignment of Luther's property of date October 4, 1920; but if this could not be done, then the mortgage to W. D. Jackson be adjudged to work an assignment of Luther's property as of date November 19, 1921, the date of the mortgage, and that the cause be referred to the master commissioner with directions to take proof of claims; that all of the property of Luther be adjudged sold and the proceeds applied to the payment of all his creditors on a *pro rata* basis according to their rights and that all the defendants be required to answer and set up their various liens in that action, or be barred, and that said Luther's estate be fully wound up in that action and his

creditors paid if and as their claims were shown to be just.

Soon after the filing of this action each of the other claimants filed petitions to be made party and asserted their liens and claims as above set forth. All the actions were consolidated and heard together. Appellant Luther filed no answer whatever. Finally the court rendered judgment against Luther on June 30, 1920, in favor of the Farm Loan Company for its debt and directed a sale of the property under the mortgage. On December 1, 1921, a supplemental judgment was entered, and on December 6, 1921, another supplemental judgment was entered, and on December 30, 1921, judgment of distribution was entered, but to none of these did appellant Luther object or except so far as the record shows. Finally, Lockridge and Ridgeway brought a separate action against Luther on their claim of $110.00 and prayed a general order of attachment against the property of the defendant and that the defendant be required to answer and disclose his property. To this action of Lockridge and Ridgeway, Luther filed answer and denied that the debt was unpaid, and further alleged that on a day previous the Carter-Randolph Company proceeded against him to have the mortgage declared preferential and to work an assignment of his property for the benefit of all his creditors; and further that said firm obtained an order of the court referring the case to the master commissioner for the purpose of taking proof upon claims, and further that the court had ordered and directed that all claims against Luther be filed in the consolidated actions. Appellant prayed that the claim of Lockridge and Ridgeway be forever barred because not filed with the consolidated actions. It was made to appear that Lockridge and Ridgeway had a claim and lien upon certain personal property mortgaged to other claimants who had filed their petition to be made party in the consolidated actions, and had recovered a judgment, and an order of sale directing the property sold, whereupon the court by judgment set aside so much of the order and judgment as directed a sale of the tobacco covered by the lien of Lockridge and Ridgeway and other claimants, and further adjudged that so much of the judgment as provided that the plaintiffs, Lockridge and Ridgeway, have a prior lien on the tobacco mentioned in the plead-

ings be set aside and held for naught, and the cause continued. This last judgment was not final. What proceedings were had subsequent to the entry of that judgment is not shown by the record, the transcript being incomplete.

During the proceedings, Carter-Randolph Company, which had commenced the action to have the property of appellant Luther adjudged in lien to creditors for the benefit of all claimants, agreed with the other lienholders and claimants to forego its right under its said suit to have the property of Luther so adjudged, and in pursuance to this agreement so much of the action and judgment as sought and decreed a reference of the cause to the master commissioner for the purpose of receiving and proving claims against the estate of Luther was set aside and was no longer prosecuted. Each cause thereafter rested upon its own footing yet prosecuted in the consolidated action but not pursued under and by virtue of the act of 1856. None of the mortgages was thereafter charged to be preferential or to operate as an assignment of the property of appellant Luther for the benefit of his creditors. That issue, therefore, was withdrawn.

So far as we are able to discern the brief of appellant is largely devoted to a discussion of the act of 1856 and kindred legislation in Kentucky. While it is entertaining and instructive, it has little relevancy to the case actually tried by the court below. The pleadings in each of the cases were sufficient to support the judgment rendered, and as there was no answer of appellant Luther nor objection or exception taken by him to the judgments, we know of no relief to which he is entitled. The Lockridge and Ridgeway judgment to which we have referred was not a final order and was therefore not appealable.

For the reasons indicated the judgment is affirmed in the consolidated action, but the appeal from the judgment in the case of Lockridge and Ridgeway is dismissed.

Judgment affirmed in part and dismissed in part.