## Joseph v. Bailey, et al.

(Decided November 24, 1925.)

### Appeal from Leslie Circuit Court.

1. Appeal and Error—Order Setting Aside Default Judgment at Subsequent Term, on Motion for Being Void for Want of Service of Process, is Appealable.—Order setting aside default judgment at subsequent term, on motion, as void for want of service of process, is appealable as finally divesting party of all his rights under such default judgment.

2. Judgment—Opening Default Judgment Gives Defendant Only a Right to be Heard.—The opening of a default judgment gives the defendant only a right to be heard, and does not preclude the court on final hearing from entering such judgment as the equity of the case warrants.

3. Judgment—Facts Shown on Motion to Set Aside Default Judgment, as Void for Want of Service of Process, Held to Preclude Disturbance of Order Setting Aside such Judgment.—On motion to set aside default judgment on the ground that it was void for want of service of process, uncontradicted affidavit of officer whose name was signed to return, that he had not executed summons on defendant, and the absence of evidence that the process, if sent to the

sheriff who made the return, was executed by him, held to preclude disturbance of order setting aside the default judgment.

4. Judgment—Motion to Set Aside Judgment Not Collateral Attack.— Motion to set aside default judgment as void because rendered without service of process on defendant held direct proceeding to open judgment and not a collateral attack.

M. C. BEGLEY for appellant.

C. W. HOSKINS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On February 22, 1921, Will Sparks conveyed to Wiley Joseph a tract of land in Leslie county, reserving the mineral. On February 3, 1922, Wiley Joseph brought this suit against John M. Bailey and Will Sparks, alleging that he was the owner and in possession of the land and that the defendants were setting up some claim to it. He prayed that his title be quieted. On June 12, 1922, judgment by default was entered against the defendants quieting plaintiff's title to the tract of land. On May 20, 1924, Will Sparks, who lived in Perry county, filed a motion to vacate the judgment, showing that he had not been summoned in the action, did not enter his appearance thereto, did not learn of the judgment until about April 1, 1924, and had a good defense to the action; that the officer's return on the summons was procured to be made by Wiley Joseph by fraud or was made by mistake of the officer; that Bailey, who lived in Leslie county, had no interest in the land, and the allegation against him was only a pretense. He also filed the affidavit of the officer whose name was signed to the return, showing that he had not executed the summons on Sparks. On this showing, and there being no evidence that the process was ever sent to the sheriff of Perry county who made the return or was executed by him, the court sustained the motion and set aside the judgment. Joseph appeals.

In Asher v. Cornett, 126 Ky. 569, which was a case like this, where a default judgment had been set aside at a subsequent term on motion as void for want of service of process, the court thus stated the rule:

"A judgment vacating a former judgment, or refusing to vacate a former judgment and to grant a new trial, is final, and may be appealed from."

An order setting aside a final judgment at a subsequent term, like an order setting aside a deed, divests important rights and is therefore appealable, for it finally divests the party of all his rights under the deed or judgment.

It is insisted that the judgment is not warranted by the evidence. The proof in this case is practically the same as in Bramlett v. McVey, 91 Ky. 151. Some weight must be given to the finding of the circuit court. The opening of the judgment only gives the defendant a right to be heard and on final hearing the court may enter such judgment as the equity of the case warrants. There being no evidence contradicting the affidavit of the officer and in fact no evidence that the process was ever in the hands of the sheriff of Perry county the judgment can not be disturbed on the facts.

The motion to set aside the judgment as void because rendered without service of process on the defendant was a direct proceeding to open the judgment and not a collateral attack. Gardner v. Howard, 197 Ky. 615.

Judgment affirmed.