## Hunter et al. v. Tutt.

(Decided Feb. 28, 1933.)

B. T. QUINN for appellants.

POLK SOUTH, Jr., and WILL D. JESSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Dismissing appeal.

In March, 1929, appellants brought this suit against the appellee asking that a certain tract of land described in the petition be adjudged to belong to them and that they be awarded damages for a trespass by the appellee upon that described tract. Summons was served on the appellee in the same month, and the case was carried along on the docket of the circuit court until September 9, 1929, when a default judgment was entered for the appellants. On September 13, 1929, and during the same term of court at which the default judgment was entered, the appellee filed a motion to set aside that default judgment. Upon that motion, as the order recites, "the court took time." Nothing further was done until October 17, 1931, several terms of court having of course in the meantime intervened. On that day the motion to set aside the default judgment was sustained and the verified answer of the appellee which traversed the allegations of the appellants' petition was ordered filed. From this order setting aside the default judgment and permitting the answer to be filed, this appeal is prosecuted.

In the case of Cooper v. Clark, 183 Ky. 492, 209 S. W. 857, it was held that an order setting aside a default judgment for plaintiff in term time and permitting the defendants to file an answer is not such a final order as that an appeal lies therefrom. This case is conclusive of our duty to dismiss this appeal unless it be, as appellants earnestly argue, that although the motion to set aside the default judgment herein was made at the same term of court as that in which the judgment sought to be set aside was rendered, yet not having been passed on at that term the court lost its right to set aside the judgment on such motion although the court by its order, when the motion was filed, took time to consider such motion. It is argued that as the court lost control of the judgment because it did not pass on the motion to set it aside at the term the judgment and motion were made, its order made in October, 1931, setting aside the default judgment, was void, which being so, this appeal lies under the case of Joseph v. Bailey, 211 Ky. 394, 277 S. W. 466. The question turns then on whether the court under the circumstances mentioned lost its right to set aside the default judgment on motion made during the term at which the judgment was rendered because it did not pass on such motion until a later

term. As to this question, the case of Algee v. Algee, 168 Ky. 362, 182 S. W. 197, is likewise conclusive. In that case it appears that, to quote from the opinion:

"On May 19th a default judgment was rendered, granting plaintiff a divorce, adjudging that she was the owner of the property described in the petition, and striking the action from the docket. On June 24, 1911, and during the same term of court, the defendant appeared in open court and entered a motion to set aside the judgment. * * * No action on the motion was taken at that term."

At a subsequent term the default judgment was set aside. It was argued there, as in the case at bar, that the court had no power to set aside the default judgment on the motion made during the term at which the judgment was rendered after the expiration of that term. In denying that contention, we said:

"Where judgment is rendered by default, a motion to set aside the judgment made at any time during the term at which it is rendered, suspends the judgment, and the court has power after the term to sustain the motion and set the judgment aside. (Citing cases.)"

It thus appears that the order in this case made in October, 1931, no matter how erroneous (and as to this we express no opinion), was not void, and this being true, under the Cooper Case, supra, it was not a final order from which an appeal lies.

Therefore, the appeal in this case must be, and it is hereby, dismissed.