## Ward v. Todd et al.

(Decided Nov. 17, 1933.)

W. J. WARD for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Dismissing appeal.

On September 4, 1920, the appellant, Hebert Ward, conveyed to W. L. Todd a lot in Paintsville, Ky. The consideration was $1,000, of which $50 was paid in cash. The purchaser assumed an indebtedness of $400 due to G. C. Wells, and for the balance he executed notes payable at the Paintsville National Bank. A lien was retained in the deed to secure the payment of all unpaid purchase money.

On September 26, 1932, Ward filed this suit against W. L. Todd and Rollie Dixon. It was alleged in the petition that Dixon claimed some interest in the property, and the plaintiff asked that he be summoned and required to disclose what interest he had. The petition

fails to disclose whether or not the $400 indebtedness assumed by Todd and due to G. C. Wells had been paid, but it is alleged that the consideration was $1,000, of which $50 was paid in cash, and that the purchaser assumed the payment of $400 due G. C. Wells, leaving a balance due and owing to the plaintiff of $650. This is a palpable error if the Wells debt was paid, as the balance was $550. The deed was filed with, and made a part of, the petition. The petition does not mention the notes, but the deed recites that notes were executed for the unpaid purchase price. W. L. Todd was a nonresident of the state when the suit was filed, and a warning order attorney was apointed for him. The warning order attorney's report was filed on November 14, 1932. The defendant Rollie Dixon moved the court to require the plaintiff to file the notes sued upon, and on the sixth day of the November term of the Johnson circuit court, which was the 19th day of November, 1932, the court sustained his motion to the extent that the plaintiff was ordered and directed to file copies of the notes and to present the original notes to the attorney for defendant Dixon for inspection. The plaintiff failed to comply with the order. On the same day a judgment was entered adjudging the plaintiff a lien on the property described in the petition to secure the payment of $650, with interest from September 4, 1920 and directing a sale of the property. On the seventh day of the term, which was the 21st day of November, 1932, the defendant Dixon moved the court to set aside the judgment rendered on the sixth day of the term, and the court sustained his motion. The plaintiff objected and excepted, and prayed an appeal to this court.

Thereafter, on defendant Dixon's motion, a rule was awarded against the plaintiff to show cause why he had not filed the notes sued on in response to the rule. The plaintiff answered that he refused to file the notes for the reason that they were subject to be lost or misplaced, and Dixon had failed to disclose whether or not he had any interest in the property and no personal judgment had been sought against him. The response to the rule was filed on December 5, 1932. Plaintiff's response to the rule was insufficient, but no action was taken by the court on Dixon's motion to require plaintiff to show cause why the case should not be dismissed on his failure to file the notes. Appellant's counsel states in his brief that the petition was

dismissed, but no such order appears in the record. The only order appearing in the record from which an appeal is taken is the order entered on November 21, 1932, which merely set aside the judgment entered on November 19, 1932. This was not a final order from which an appeal will lie. Hunter v. Tutt, 247 Ky. 807, 57 S. W. (2d) 1017; Denham v. Town of Wallins, 234 Ky. 626, 28 S. W. (2d) 965; Luther v. Commonwealth Farm Loan Company, 201 Ky. 121, 255 S. W. 1025; Cooper v. Clark, 183 Ky. 492, 209 S. W. 857; Breading's Heirs v. Taylor, 6 Dana, 226.

It follows that this court is without jurisdiction to entertain the appeal, and it is therefore dismissed.