## House v. Rawlings et al.

### June 3, 1941.

Wm. Lewis & Son for appellant.

T. T. Burchell and Jesse Morgan for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

Since this appeal must be dismissed for reasons hereinafter stated, it would serve no useful purpose to give a detailed statement of the facts and the nature of the litigation.

On the 7th day of October, 1939, which was the last day of the September term (1940) of the Clay circuit court, judgment was rendered against appellee, Mollie Rawlings, individually and as devisee under the will of her deceased husband, W. W. Rawlings, in the sum of $1,225 together with a lien against certain real estate to secure the payment of the judgment, and the Master Commissioner was ordered to sell the real estate in satisfaction of the judgment, to all of which appellee (defendant) excepted and prayed an appeal, which was granted.

It appears that appellee executed a bond in the circuit court superseding the judgment, but the appeal was not perfected and apparently abandoned, since the Master Commissioner proceeded to sell the real estate and made his report of sale at the succeeding January, 1940, term of the Clay circuit court.

On the second day of the January term of the Clay circuit court appellee entered a motion to set aside and vacate the judgment in question upon various grounds, more particularly that the case was prematurely submitted and asserted that counsel for appellee was present when the motion to submit the case was made and objected thereto and assigned his reasons therefor, and that notwithstanding his objections and understanding at that time that the case would not be submitted, the judgment was entered later without his knowledge.

The appellant (plaintiff) filed her repsonse to the motion to vacate the judgment, to which appellee filed her reply, and upon a trial of the motion supported by various affidavits in behalf of appellee and counter-affidavits in behalf of appellant, the court sustained the motion and set aside the judgment and granted appellee a new trial and ordered the case retained on the docket "for further preparation." From that judgment and order appellant has brought this appeal.

Appellee has moved this court to dismiss the appeal on the ground that the order granting a new trial is not an appealable one and hence this court is without jurisdiction of the attempted appeal. The motion to dismiss the appeal is based upon various sections of the Civil Code of Practice, more particularly section 519 of the Code which provides, among other things, that a mo-

tion to vacate a judgment because of its rendition before the action legally stood for trial cannot be made after the expiration of the first three days of the succeeding term.

Since under section 519 of the Civil Code of Practice the court has jurisdiction to entertain a motion to vacate a judgment on the grounds enumerated therein until after the third day of the succeeding term, the only question to be determined is whether or not the order or judgment involved in the present case is an appealable one.

In the case of Denham v. Town of Wallins, 234 Ky. 626, 28 S. W. (2d) 965, it was held that an order setting aside a judgment and granting a new trial at the same term of the court at which the judgment was rendered was not an appealable order. The court said:

> "Another reason is that the one who obtained the judgment that was set aside upon such a motion is not put out of court thereby; but he still has the right to prosecute his litigation to a final determination on the merits, and, if he should then lose, he may appeal from the ruling of the court on that trial as well as from the order granting a new trial to his antagonist."

We have not overlooked the fact that the case, supra, involved an order setting aside a judgment at the same term of the court at which the judgment was rendered, but since the question involved was one of jurisdiction, the same principle applies to section 519 of the Civil Code of Practice which gives the court jurisdiction of motions like and similar to the ones involved in the Denham case, supra, and the present case, until after the third day of the succeeding term. Therefore, it is not material whether the motion to set aside the judgment in the present case was made during the term at which the judgment was rendered, since the motion was made within the jurisdictional period provided in the Civil Code of Practice.

It is our conclusion that section 519 of the Civil Code of Practice and the Denham case, supra, and cases cited therein are conclusive of the case at bar.

Wherefore, for the reasons stated, the appeal is dismissed.