## Guyan Machinery Co. v. Premier Coal Co.

June 9, 1942.

Garfield R. Drinnon and H. L. Bryant for appellant.

J. E. Sampson for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 24, 1939, the Premier Coal Company purchased from the Guyan Machinery Company, by a conditional sales contract, certain mine machinery and equipment to be delivered to it at its mine at Paramount, near Middlesboro, Kentucky. The purchase price of the machinery was $1,450, and of this sum the purchaser paid $250 in cash and for the balance executed six notes for $100 each dated June 24, 1939, and due in 1, 2, 3, 4, 5, and 6 months after date, respectively, and one note for $600 due January 24, 1940. It appears four of the $100 notes were paid, but two of the $100 notes and the $600 note remained unpaid. On May 15, 1940, the Guyan Machinery Company brought this action in the Bell circuit court to recover the sum of $842.66, being the balance due on the notes and the interest thereon. Summons was served on the defendant, and the case was an appearance at the May term of the Bell circuit court which convened on May 27, 1940. On June 14, 1940, a default judgment was entered adjudging that the plaintiff recover of the defendant the sum of $842.66, with interest thereon from

May 1, 1940, and it was further ordered that the machinery described in the conditional sales contract be sold by the master commissioner. At the September, 1940, term of the Bell circuit court the defendant moved the court to set aside the judgment entered at the May, 1940, term because the same was entered prematurely, and, at the same time, it tendered and offered to file its answer, set-off, and counterclaim. The court sustained the motion and set aside the judgment entered at the May term, and permitted the tendered answer, set-off, and counterclaim to be filed. The plaintiff filed a motion to set aside the order theretofore entered vacating the default judgment, and this motion was overruled. The plaintiff has appealed.

The May term of the Bell circuit court ended June 22, 1940, and no motion for a new trial or to set aside the default judgment was made during the term. The judgment having become final, the court was without jurisdiction to set it aside on motion at a subsequent term. Civil Code of Practice, Section 342; Hunter v. Tutt, 247 Ky. 807, 57 S. W. (2d) 1017; Johnson v. Dry Creek Oil & Gas Co., 283 Ky. 340, 141 S. W. (2d) 263; Wilhoit, etc., v. Nicely, 280 Ky. 793, 134 S. W. (2d) 615; Pinnacle Motor Co. v. Simpson, 216 Ky. 184, 287 S. W. 566. There was no showing that the default judgment was prematurely entered. The attorney for the defendant filed his affidavit with the motion to vacate the judgment in which it was stated that he notified the attorney for the plaintiff in April, 1940, before suit was filed, that his client had a defense to the claim and that neither he nor his client was notified on or before June 14, 1940, that a default judgment would be entered. He stated, in substance, that he was under the impression that such a judgment would not be entered, but fails to state that any agreement with plaintiff's attorney to that effect was made or that he or his client was misled by the breach of an agreement by the plaintiff or its attorney. In the answer, set-off, and counterclaim, tendered with the motion to vacate the default judgment, the defense pleaded was that plaintiff, by mistake, shipped the machinery to Pine Knott instead of to Paramount, Kentucky, as directed, and the defendant was required to pay additional freight charges, amounting to $150.60; that the machinery should have reached Paramount on July 4, 1939, but did not arrive there until July 13, 1939, and, by reason of the delay, the defendant was damaged in the sum of $400. It

asked to recover $550.60, and that this amount be credited on the notes owing by it to the plaintiff. The judgment entered at the May, 1940, term of the Bell circuit court was neither void nor prematurely entered. When a motion to vacate a default judgment and permit an answer to be filed is made at the same term at which judgment is rendered, the court, in the exercise of a sound discretion, may sustain it, but after the term the defendant's only remedy is under the Code provisions regulating the granting of new trials. Cleveland v. Couch, 231 Ky. 332, 21 S. W. (2d) 468. If the motion filed at the September term of court is read in connection with the affidavit of defendant's attorney and is treated as a petition under Section 518 of the Civil Code of Practice, it is insufficient since it fails to state facts to warrant the granting of a new trial.

The judgment is reversed, with directions to set aside the order vacating the judgment of June 14, 1940, and for proceedings consistent herewith.