## House v. Rawlings et al.

Nov. 23, 1943.

As Modified and Extended on Denial of Rehearing

Feb. 8, 1944.

William Lewis & Son for appellant.

Jesse Morgan and T. T. Burchell for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Reference to House v. Rawlings, 287 Ky. 24, 152 S. W. (2d) 270, shows that appeal was dismissed on technical grounds without reference to facts, save such as related to motion to dismiss. It appears from our former opinion that on the last day of the September term of the Clay circuit court, judgment was rendered against appellee individually and as devisee under the will of her deceased husband, to an amount of $1,225. At a day in a succeeding term appellee moved to vacate the judgment, and the court set aside the judgment and an order of sale, granted a new trial and ordered the case retained on the docket ''for further preparation.'' It was from this order the first appeal was prosecuted; we sustained the motion on the ground that it was not a final order.

The record on the first appeal is before us in conformity to sec. 15 of Rule 3 of this court on the current appeal. The records show that on the first trial appellant secured a judgment for $225, the value of her lots which she had conveyed to her father-in-law in claimed exchange for a lot owned by him which he had never conveyed to her, and upon which she had built a home; he had died without having executed a deed. Before his death he sold two lots conveyed to him by his daughter-in-law (appellant), and had as the court found, received and held the sale price. The additional $1,000 of the judgment represented enhancement of the father-in-law's lot on which she had built her home. After Mr. Rawlings' death the widow claimed title under her husband's will, which had devised and bequeathed all his properties to her.

In appellant's original petition she sought to have the widow individually and as devisee perform the alleged verbal contract to convey the Rawlings' lot. By amendments, and alternatively, she asked that if the court deny specific performance (which the chancellor correctly refused) she be entitled to the purchase price of her lot, and the enhanced value of the other lot by reason of the improvement. The widow defended on the ground that title to the Rawlings' lot was in her. Judgment for appellant was rendered during the September, 1939, term of court by the then regular judge. Mrs. Rawlings prayed and was granted an appeal and executed supersedeas, but at the next term, January, 1940, when the former judge had been succeeded, Mrs. Rawlings moved the court to set aside the judgment and order of sale of October 7, 1939. Her grounds were that the judgment had been prematurely rendered, because the motion to submit was made before the case stood for trial "pursuant to Code provisions" and counsel had objected to submission, and the court had agreed that he would give further time for preparation. This motion, vigorously contested, pended until March, 1940, when the court sustained the motion, set aside judgment and order of sale and granted new trial; appellant objecting was granted and prosecuted appeal with the result above stated.

Our opinion dismissing was rendered on June 3, 1941; mandate was filed of record August 21, 1941. Nothing further occurred until the September, 1941, term of court, when appellant filed motion to have the regular judge vacate the bench. This motion pending until the January term, 1942, was sustained and a special judge appointed. At that term appellant moved to set aside the order vacating the former judgment, on the grounds that the order was void. The chancellor allowed the motion to be tendered and to be made a part of the record on appeal.

The case was retried, and the chancellor found against appellee as administratrix, appellant in the meantime having filed an amended pleading asking judgment against her as such. The court gave appellant judgment for the sale price of her lot, but reduced the enhancement value to $534. From this judgment appeal is prosecuted by Mrs. House, her insistence being that since the court was without power to enter the vacating order, the first judgment should stand. Mrs. Rawlings

has never perfected her appeal from the former superseded judgment, but has been granted cross-appeal from the last judgment.

There is no contention that the court erred in not enforcing specific performance. The chief complaint of appellant is as stated above, and on cross-appeal as we gather from the appellee's brief, it is insisted that the "judgment on the appeal granted by this court from the judgment of the special judge be affirmed, but we ask that the cross-appeal granted be sustained and the case reversed on the cross-appeal with directions to dismiss the plaintiff's first and second amended petition," which procedure might have been properly considered had she prosecuted appeal from the first judgment.

Counsel for appellee contends in argument that the court had the power to set aside the judgment under provisions of section 517 et seq., Civil Code of Practice, on the theory that there was clerical misprision. Looking to those provisions and the grounds set up in support of the motion to vacate, we are unable to agree that there was clerical misprision, such as is contemplated by the sections as they have been frequently construed by this court in many cases, a number of which are annotated under the noted sections. Certainly no clerical misprision appeared on the face of the record. There was shown no sufficient reason for continuing the case for further preparation "pursuant to provisions of the code," and as we view the record continuance for what appellee conceived to be further preparation, if any, was due to her delay rather than by anything done by appellant or the court.

Appellant's second amended petition was filed October 14, 1938. Apparently the court ruled on appellees' motion to strike at the same term. She answered the original and first amendment on January 2, 1939. The case was passed until September, 1939, when appellant moved for submission twice, once on the third, again on the seventh day of the term, and on each day the case was submitted for final judgment without noted objection. Judgment was rendered eleven days after the last submitting order.

There is little in the contention that necessary parties were not before the court. The children of W. W. Rawlings were made defendants, but they specifically disclaimed interest. The children of Clark Rawlings

were made defendants, without process against them. Any interest they might have had was protected by the mother's pleadings. The fact that appellee did not answer the last amended petition until the case went back to the circuit court is of no importance. Insofar as the records show, there would be no difference whether the judgment was rendered on the original or second amended petition. Besides the records show such dilatory motions and pleas by cross appellant as would constitute entry of appearance.

The first judgment was entered when the court had jurisdiction of the parties and subject matter. It could, in the state of the record, as we view it, be set aside in only one of two ways; by appeal establishing it to have been erroneous, or by a suit for new trial under the grounds, other than misprision, set out in section 518 of the Civil Code of Practice. Nicholson v. Thomas, 277 Ky. 760, 127 S. W. (2d) 155. In Guyan Machinery Co. v. Premier Coal Co., 291 Ky. 84, 163 S. W. (2d) 284, where we had a situation similar to that shown here, we held that since the judgment had become final the court was without power to set it aside at a subsequent term, citing provisions of the Code and pertinent opinions. We reversed there and directed that the lower court set aside the vacating judgment.

The records before us show that the judge who directed setting aside the order entered by his predecessor, not only vacated the first judgment and set aside the sale order, but granted appellee a new trial, and a new trial was had. To the judgment rendered appellant took exceptions and prayed an appeal. She followed what we have held to be the proper procedure in this jurisdiction, that is, where there is an order granting a new trial, appeal may be had from a subsequent judgment, and the order granting the new trial is held in abeyance until the succeeding trial and appeal taken from the last judgment. This is made clear from reference to the recent case, Burton v. Spurlock's Adm'r, 294 Ky. 336, 171 S. W. (2d) 1012, and cases cited. The difference in the two cases is that the Burton case was a common law action, and this was prosecuted as an equity action, though the judgment was for a fixed sum of money. The difference suggested would only relate to the manner of preserving rights by the filing of a bill of exception, not necessary in equity suits. Where the records are properly before us, as here, there are in effect two appeals; one from the

judgment entered on the last trial, and one from the order granting the new trial, "although the latter is not a final order in the sense that it may be appealed from immediately or separately." The fact that appellant did not follow the usual practice to move the court to reinstate the former judgment did not affect appellant's right to reinstatement. Burton case, supra, and cases cited on this particular point.

A consideration of both records convinces us that the chancellor was in error in setting aside the first judgment, which, however, was not void, but voidable. It follows that the second trial was unauthorized. The judgment setting aside the first judgment and granting new trial is reversed and the case is remanded with directions to set same aside and to reinstate the first judgment entered in favor of appellee.

Judgment reversed.