## Rawlings v. House.

Nov. 8, 1944.

Jesse Morgan for appellant.

W. M. Lewis & Son for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Reference to House v. Rawlings, 296 Ky. 578, 177 S. W. 2d 562, discloses that we had the controversy before us also in House v. Rawlings, 287 Ky. 24, 152 S. W. 2d 270. It appeared therein that appellant had secured a judgment against appellee for $225, the value of lots conveyed by appellant to her father, and for which he had not paid, and $1,000 for enhancement of the lot upon which appellee here, and her then husband, had built a residence, it developing that Mr. Rawlings had died before executing a deed to the lot, and which had been devised to the widow.

On the first appeal we sustained a motion to dismiss. The first judgment was rendered against Mrs. Rawlings individually and as devisee under the will, and a lien was adjudged against the lot upon which the house had been built. In that case appellee was granted appeal and executed a supersedeas bond, but the appeal was never perfected. At a succeeding term of the court appellee moved to set the judgment aside on grounds of premature submission. The court sustained this motion, leaving the case on the docket "for further preparation." This we held not to be an appealable order.

Following our opinion mandate was filed, and at the January 1942 term Mrs. House moved to set aside the order vacating her original judgment on the ground that it was void; this was overruled and there was a retrial of the case, resulting in a judgment in favor of Mrs. House for the same value of her lot but reducing the enhancement value to $534. On her appeal it was contended that the court had erroneously

entered the vacating order, and that her first judgment should stand. Mrs. Rawlings was granted and prosecuted cross appeal.

On that appeal, for reasons set out in the opinion, we held the court in error in setting aside the first judgment, and we reversed with directions that the second judgment be set aside and the original judgment be reinstated. Burton v. Spurlock's Adm'r. 294 Ky. 386, 171 S. W. 2d 1012. Upon filing of mandate the court followed our directions, and Mrs. Rawlings has prosecuted this appeal, and contends that the first judgment was erroneous, and therefore the last judgment should now be reversed. The brief filed on behalf of appellant is, with some slight changes, a repetition of the briefs filed on the second appeal, and on her petition for rehearing, in which it was contended that Mrs. House was not entitled to recover. In other words this amounts to a petition for rehearing of the matter settled by the second opinion. The law of the case rule applies.

Appellee has moved the court to dismiss this appeal with damages, and in brief asks alternatively if this motion be not sustained to affirm with damages. We are of the opinion that Mrs. Rawlings had the right to appeal; so the motion to dismiss is overruled, but the judgment is affirmed. No damages can be allowed on affirmance, since any supersedeas bond executed by Mollie Rawlings on the appeal granted her, but not prosecuted became ineffective when the court set aside the first judgment and we find no supersedeas on the last judgment.

Judgment affirmed.