JUDGE HABDIU
delivered the opinion op the court.
At the May term, 1867, of the Lewis Circuit Court, the appellant, John McCall, recovered a judgment in an ordinary action against the appellee Hitchcock for twenty-two thousand five hundred dollars; and that term having expired without a motion for a new trial, the appellee, on the 9th of July, 1867, brought this action for vacating that judgment, under sections 579-581 of the Civil Code of Practice, and it resulted, after elaborate preparation, in a judgment for the plaintiff, setting aside the judgment against him, and directing that the former suit be reinstated upon the docket.
The appellant having appealed to this court for a reversal of the judgment last rendered, the appellee has moved this court to dismiss the appeal, on the alleged grounds that the judgment was not final, and not subject to revision in this court. This motion presents the only question now to be determined.
It is conceded by the appellee’s counsel that no appeal will lie, under section 15 of the Civil Code, from an order granting or refusing a new trial, upon a motion in the same action, made in the usual mode under sections 369, 371, and 372 of the Code; but it is contended that the judgment appealed from being the termination of a new and distinct action, litigating the right of the appellee to enforce his judgment in the previous action, which right was divested by the last judgment, the principles on which judgments or orders made upon ordinary motions for a new trial have been held not to be final have no proper application in this case.
We regard this distinction as correctly taken. The judgment is not a mere interlocutory order, subject to be set aside by the same court at a subsequent term, nor simply a minis *617 terial act; nor could it be revised, as an ordinary decision of a motion for a new trial may be, on an appeal from the judgment in the original action; but it is the final adjudication of important rights, litigated in a separate and independent suit, and is therefore properly brought before this court by this appeal for revision.
Wherefore the motion is overruled.