JNO. McSWINNEY'S ADM'X *v.* WM. G. McCAY.

**Appeals—Final Orders—Limitations.**
> Appeals may be taken to the court of appeals within three years from final judgments or orders.

**Order Granting New Trial.**
> No appeal can be taken from an order granting a new trial.

APPEAL FROM KENTON CIRCUIT COURT.

September 11, 1875.

OPINION BY JUDGE COFER:

If it be conceded that the order taking the appellant's petition for confessed is a final order, which the court had no power to set aside at a subsequent term, it does not follow that the order setting it aside can be appealed from before a final decision of the cause.

The law does not authorize an appeal from every order or judgment, but only from such as put an end to the litigation, or at least

to some distinct portion of it capable of being separated from and decided independently of the residue. Orders made in a cause which are merely steps in its progress toward a final decision, although final in the sense that they are beyond the control of the court after the end of the term, can only be reversed upon an appeal prosecuted from a final judgment in the case.

All the errors of the court in orders made in the progress of the cause are available, if prejudicial to the party appealing, to reverse the judgment. Neither of the orders appealed from put an end to the litigation in the cause, or to any separate and distinct part of it capable of separation from the residue. If an appeal lies from either, then it would follow that unless prosecuted within three years from their respective dates the appeal would be barred by the statute limiting appeals to three years.

Such appeals are unnecessary, because the circuit court not having finally disposed of the case, the party may yet obtain in that court all the relief claimed, and the errors now sought to be corrected would become unimportant.

*McCall v. Hitchcock,* 7 Bush 615, was an action prosecuted, under Secs. 579-581 of the code, to obtain a new trial. A new trial was granted, and from that judgment an appeal was prosecuted to this court, where the appellee moved to dismiss the appeal on the ground that no appeal would lie from a judgment granting a new trial. In disposing of that motion, the court said: "It is conceded by the appellee's counsel that no appeal will lie, under Sec. 15, of the Civil Code, from an order granting or refusing a new trial, upon a motion in the same action, made in the usual mode under Secs. 369, 371 and 372 of the Code; but it is contended that the judgment appealed from being the termination of a new and distinct action, litigating the right of the appellee to enforce his judgment in the previous action, which right was divested by the last judgment, the principles on which judgments or orders made upon ordinary motions for a new trial have been held not to be final, have no proper application to this case." ·

We regard this distinction as correctly taken. The judgment is not a mere interlocutory order, subject to be set aside by the same court at a subsequent term, nor simply a ministerial act; nor could it be reversed, as an ordinary motion for a new trial may be, on an appeal from the judgment in the original action.

Both court and counsel seem to have regarded it as clear that no appeal will lie from an order granting a new trial, when made

upon motion in the action in the ordinary mode, until after a final determination of the cause; and we still adhere to that opinion.

Wherefore the appeal is dismissed.

*Fisk & Fisk, for appellant. J. G. Carlisle, for appellee.*

