## ROBERT E. PAGUE, ET AL., *v.* OTTUMWA & K. R. CO.

[Abstract Kentucky Law Reporter, Vol. 1—399.]

**Appeals.**

An appeal will lie from a judgment vacating a judgment and granting a new trial.

**Service of Process on Agent—Jurisdiction.**

When it is shown by the evidence that the person on whom the summons was served as agent of another, and upon which service the judgment is rendered, was not at the time and never had been the agent of the defendant, such judgment is not binding on such defendant, the court not having jurisdiction to render such a judgment.

APPEAL FROM LEWIS CIRCUIT COUURT.

November 9, 1880.

OPINION BY JUDGE HINES:

An appeal lies in this case from a judgment vacating a judgment and granting a new trial under Secs. 518 and 520 of the Civil Code. *McCall v. Hitchcock,* 7 Bush 615, second appeal, 9 Bush 66.

All the assignments of error resolve themselves into one. The evidence heard was not sufficient to authorize the court to grant a new trial. It is sufficient to say that the person on whom the summons was served as agent of appellee, and upon which service the judgment vacated was rendered, testified that he was not and never had

been the agent of appellee. There was no other evidence sufficient to outweigh this positive and unqualified statement.

Judgment *affirmed.*

*Roe & Roe, for appellants. Thomas W. Mitchell, for appellee.*
[Cited, *Asher v. Cornett,* 126 Ky. 569, 104 S. W. 347.]