*P. W. Hardin, for appellee.*

---

LEE JOSEPH *v.* C. HOTOPP, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—285.]

**Trial Court Bound by Mandate of Court of Appeals.**

>  Where on appeal of a cause it is reversed and the court below is directed to enter judgment for appellant, such court should obey such mandate, leaving the other party to their remedy provided by the code. He could then have filed his petition for a new trial based upon any defense that had arisen since the former trial. Still where the trial court does not enter judgment but permits the appellee to amend his pleadings presenting facts which would have authorized a new trial, such action will not be reversed because the appellant is not thereby deprived of any substantial right.

APPEAL FROM HARDIN CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE HOLT:

The appellant, Lee Joseph, brought this action against J. C. Hays and C. Hotopp to recover a stock of goods, which he claimed to have purchased of one Deff. Prior to its institution numerous creditors of the latter, Hotopp being one of them, had sued out attachments against him under which Hays as sheriff had seized the property. The appellant, Joseph, was made a party defendant to the attach-

ment suits, the petitions in some of them alleging that his claim to the goods was a fraudulent one, and that Deff was in fact the owner. They were consolidated; and Joseph filed an answer, which applied to all of them, and by which the ownership of the property was put in issue.

The defendant, Hays, by his answer in this action also put in issue the alleged title of Joseph to the goods, and also relied upon the fact that as sheriff he had taken under the attachments. Hotopp, by his separate answer, denied the alleged ownership of the plaintiff, and also pleaded the seizure by the sheriff under the attachments, and referred to and made the answer of the latter a part of his own. It is true that the answer denies the taking or holding or detention of any goods "belonging to the plaintiff;" but as he sets forth the seizure by the sheriff, and refers to his answer as a part of his own, we regard it as substantially a denial of any taking or holding by him of the property in contest.

The cause was submitted to the judge and a decision rendered for the defendants; but the court in its special findings did not fix the value of the property. After this, and at the same term of the court, and on September 6, 1879, a judgment was rendered in the attachment cases, sustaining the attachments, ordering the sheriff to turn over the attached property to the court commissioner, and directing him to sell it and distribute it to the creditors of Deff as therein directed.

It is true that this judgment did not in express words recite the ground upon which it was based or that the goods belonged to Deff, and not to Joseph, and that it was the answering term in the cases; but, as the latter's right to the property had been put in issue by him, the judgment necessarily determines it in effect and adversely to him, and the question was thereby res judicata. No appeal was ever taken from this final judgment.

The appellant, Joseph, then appealed this case to this court, and it reversed the judgment of the lower court, and remanded the cause with directions "to enter a judgment for the appellant." Upon its return the plaintiff moved for a judgment in conformity to the mandate to which the defendants objected and were permitted by the court to file a supplemental pleading, setting up the judgment in the attachment suits as a bar to any judgment for the appellant and this one. It also alleges that the proceeds of the goods have been dis-

tributed by the court's commissioner to Deff's creditors and the report filed and confirmed without objection from Joseph; and the record shows this to be true. It also expressly alleged that the appellee, Hotopp, had nothing whatever to do with the taking or detention of the goods.

Its filing was improper and irregular. The lower court should have obeyed the mandate, and left the defendants to their remedy provided by the code. After a judgment had been rendered in conformity to it, the defendants could have filed their petition for a new trial, based upon any defense that had arisen subsequent to the former trial. Yet as the court permitted it to be done, and as in our opinion it presented facts which would have authorized a new trial, or have been sufficient as a bill of review under the old practice, it will not now be disturbed because the appellant, Joseph, was not thereby deprived of any substantial right. We think we are sustained in so holding, not only by reason but by precedent to be found in the cases of *McLean v. Nixon*, 18 B. Mon. (Ky.) 768; *Denny v. Wickliffe*, 1 Met. (Ky.) 216; and with which the case of *Scott v. Scott's Exr.*, 9 Bush (Ky.) 174, does not conflict.

The statement in the supplemental pleading, that Hotopp had nothing whatever to do with the taking or detention of the property, was but a more sharply defined denial of what he had already substantially stated in his answer.

The cause being submitted, the court dismissed the action as to Hotopp; and from this action of the court Joseph has appealed. It rendered a judgment against Hays for $1,440.46, or the difference between the $3,500 alleged in the petition as the value of the goods and the $2,059.54 that Joseph had agreed to pay for them; and from it Hays has sued out a cross-appeal.

It appears that the stock of goods, estimated at cash value, was worth over $7,000 at the date of the sale to Joseph; that he was to pay for them fifty-five per cent. of cash value, to be ascertained by invoice, which he made in the absence of Deff; and that he was in fact never paid a cent for the goods. It further appears that Hotopp never received any of the proceeds arising from their sale, as his attachments were prior to the others, and were satisfied by the sale of other property of Deff.

It is urged that the former reversal by this court reaches back to the date of the first judgment in this case. Granting this to be true,

yet it only settled that as between the parties to the suit Joseph was entitled to the goods; and this did not prevent the defendants upon the return of the case from relying as a defense upon the fact that subsequent to the date of the judgment, which had been reversed, the goods had been adjudged by a court of competent jurisdiction, in a cause to which the appellant was a party, to another person. ·

The seizure by the sheriff, however, deprived the appellant of the possession of the property before it had been adjudged that it was liable for Deff's debts. This court adjudged that Joseph was entitled to recover; and as upon the return of the cause after the reversal he was entitled under the order of this court to a judgment, both Hays and Hotopp were liable, but only for nominal damages, because they had a right to show that since the former judgment a final one had been rendered in another action against the claim of Hotopp to the property, and so he could under the former order of this court claim but nominal damages and his costs.

Reversed upon both the original and cross-appeals and remanded for further proceedings in conformity to this opinion.

Judgment *reversed*.

[Extended opinion, see next case.]

*S. H. Bush, J. B. Hobson, for appellant.*

*Montgomery & Posten, for appellee.*

[Cited, *Henry Vogt Mach. Co. v. Penn. Iron Works,* 23 Ky. L. 2165, 66 S. W. 734.]


[Opinion Extended October 31, 1885.]

The record does not disclose the ground upon which the judgment in the attachment suits against Deff was rendered. It is not shown by the judgment or in any other way, save by the statement of counsel that it was based upon the judgment in the ordinary action. The appellant, Joseph, failed to have this shown or to move to set aside the judgment in the attachment case or to appeal from it.

The fact that J. C. Hays was a party to the former appeal in this case, and filed grounds in the lower court and moved for new trial as to the judgment from which this appeal was taken by the appellant, Joseph, together with the statements by Hays' counsel, in their brief for him, that there was a cross-appeal by him, led the court to erroneously assume it, when in fact it appears that he was not a party to this appeal and that no cross-appeal was ever granted. So

much of the opinion of this court of October 3, 1885, as relates to the judgment of the lower court against Hays and his liability for the appellant's claim is therefore withdrawn, and the order therein reversing the judgment as against him is set aside and the cause is *remanded* as to Hotopp alone for further proceedings in conformity to said opinion.

Judgment *reversed* on original and cross-appeals.

*S. H. Bush, J. P. Hobson, for appellant.*

*Montgomery & Postor, for appellee.*