## Mackenzie v. Salmon.

(Decided February 6, 1912.)

Appeal from Greenup Circuit Court.

New Trial—Casualties Unavoidable.—This action was brought under
  sub-sections 4 and 7 of section 518 of the Civil Code, to set aside a
  former judgment. Held, that the court erred in refusing to con-
  tinue the case in the absence of the regular judge of the court,
  and in the absence of the appellee, which were certainly casual-
  ties that could not be avoided. The lower court properly set aside
  the judgment and awarded a new trial.

A. D. COLE, A. S. COOPER for appellant.

E. E. FULLERTON, MALIN & MALIN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In 1903 J. A. Salmon brought an action in the Green-
up Circuit Court against appellant for $289.00 and ob-
tained an attachment which was levied upon some logs
in the Ohio river. Appellant filed an answer and coun-
ter-claim by which he sought to recover of appellee
something over $6,000.00. (This we learn from the
briefs of counsel. The record of the old suit is not
before us.) That suit was continued by one or the other
of the parties from time to time, until the early part
of 1909, at which time the court ruled the parties to
prepare the case for trial. B. F. Bennett, appellee's
original attorney, is now more than eighty years of age
and very feeble in mind and body. After the parties
were ruled, Bennettt not being able to prepare the case,
wrote to Salmon and told him he would have to get
another attorney to look after the case for him. Salmon
then employed the firm of Malin & Malin, of Ashland,
Ky. They took depositions preparatory to trial at the
October term in 1909, of the Greenup Circuit Court.
The regular judge of that court began that term but
took sick and had to abandon the court. This fact was
certified to the Governor, Willson, and he first appointed
Floyd Byrd to preside over the balance of the term, but
he declined the position. It appears that Malin, who
lives in Ashland, went to Greenup on Monday of the
last week of the court, and found matters as stated, no
one having been appointed at that time in the place of
Byrd, and it appears that the litigants in general did

not know whether they would get any one or not to preside the remainder of the term. A. S. Cooper, a resident of Greenup, and A. D. Cole, who resided elsewhere, were attorneys for MacKenzie, and on the Monday named, Malin saw Cooper and they came to an understanding that if any one was obtained to hold the court that week that Cooper was to advise him in time for him to be in Greenup to enter into the trial of that case, and that in no event was there to be a trial unless the attorneys on both sides could be present. The Governor afterwards selected Judge French, of Oldham county, to preside for the rest of the term, and he called the case on Friday and entered into the trial without either of the Malins or appellee being present. At about the time he entered into the trial, Cooper went to the telephone and called the Malins but neither of them seemed to be in their office, so he left word with the operator to find them as soon as possible, which he did about 1 o'clock on that day. Cooper then had a talk with Malin and told him they were trying the case; that the judge would not continue it and that he seemed anxious to try it. Malin then had a conversation over the phone with the judge and requested him to continue the case, but he refused to do so. Malin could not get to Greenup that afternoon, as the only train from his place going there, left Ashland at twelve twenty-five, which was before the telephone conversations. The next morning Malin sent an affidavit containing the agreement between himself and Cooper and stating his inability to be at the court, to E. E. Fullerton, an attorney in Greenup, and requested him, as a favor, to file it with the court in that case and ask the court to set aside the order of submission and continue the case. Fullerton did so and at the same time stated that he was not an attorney in the case but was only doing Malin a favor at his request.

The court rendered judgment in that action against appellee on appellant's counter-claim for over $3,000.00, and this action was brought under sub-sections 4 and 7 of Section 518 of the Civil Code, to set that judgment aside. We are confident that Cooper intended no wrong by not explaining fully to the court the agreement between him and Malin before entering into a trial of the case. The court committed an error when he refused to continue the case after he ascertained the true facts. The disturbed condition of that court on account of the

sickness of the regular judge and the wrong in entering into the trial in the absence of appellee or his counsel, were certainly casualties of misfortune which appellee could not have reasonably avoided, and a judgment obtained under such circumstances in effect, perpetrated a fraud upon appellee, although not intended by the judge or counsel on the opposing side. The lower court sustained appellee, set the judgment aside and ordered a new trial. Appellant makes the point that B. F. Bennett, the original counsel, was present, but it is proved, without contradiction, that he was not an attorney in the case at that time and was unable by reason of his age and mental and physical condition to perform the duties of an attorney in the case.

Appellant suggests that appellee's counsel might contend that the order appealed from was not a final order, as it only granted the parties a new trial. They do not so contend. Appellant cites the cases of McCall v. Hitchcock, 7 Bush, 615, and Simpson v. Bryan, 17 Ky. L. R., 752, which show conclusively that it was a final order, and that appellant had a right to prosecute this appeal.

For the reasons stated, the judgment of the lower court is affirmed.