## Davidson v. Richmond.

(Decided November 21, 1922.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—Decision Reviewable—Final Order—Order for New Trial—An order in a proceeding under section 518, Civil Code, vacating a judgment and ordering a new trial is a final order, from which an appeal will lie.

2.  New Trial—Grounds—Accident—Surprise—Unavoidable Casualty
    —Misfortune.—In an action under section 518, Civil Code, evi-
    dence examined and held not to show such accident and sur-
    prise or unavoidable casualty or misfortune as would authorize
    a new trial.

W. H. VAUGHN & SON and JOSEPH D. HARKNESS for appellant.

C. B. WHEELER and S. C. FERGUSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

P. D. Harmison died intestate, a resident of Floyd
county, in the month of August, 1892. He had no children but was survived by his wife, now Josie M. Davidson, and three brothers and a sister. At the time of his
death he owned a half interest in several tracts of land,
the other half interest being owned by Isaac Richmond.
After her husband's death, Mrs. Davidson occupied the
home farm jointly with Isaac Richmond until June, 1903,
when the farm was divided between Richmond and the
Harmison heirs, who took exclusive possession thereof.
The Harmison heirs then filed suit against Mrs. Davidson seeking to defeat her claim for dower. Isaac Richmond was made a party defendant. During the progress of the action Richmond purchased the interest of
the Harmison heirs. As a part of the consideration he
agreed to satisfy Mrs. Davidson's claim for dower. In
1910 he filed a petition asking to be made a party plaintiff to the action brought by the Harmison heirs against
Mrs. Davidson and later filed an amended petition offering twenty-five acres to her until dower was so assigned. Mrs. Davidson filed an answer and counterclaim
against Richmond, in which she asserted her claim for
dower and later filed an amended answer and counterclaim seeking rents. Richmond then filed a reply controverting her claim for rents. Depositions were taken by
Richmond on May 25, 1911. Mrs. Davidson took her
depositions June 14th, 1911. On July 14th, 1911, the
court rendered a judgment allotting dower and referring the case to the master commissioner to hear proof
and report on rents. The commissioner's report was
filed on October 29, 1914, and confirmed May 29, 1915.
Judgment for rents was rendered on December 10, 1915.

On October 21, 1916, Isaac Richmond brought this
suit to vacate the judgment and obtain a new trial, on the
ground of accident and surprise. From the judgment
awarding him a new trial Mrs. Davidson appeals.

At the outset we are met by the contention that the judgment is not a final order from which an appeal will lie, but the contention is without merit. The suit was brought under section 518, Civil Code, and it is well settled that an appeal will lie from an order vacating a judgment and granting a new trial in such a proceeding. (McCall v. Hitchcock, 7 Bush 615; Simpson v. Bryant, 32 S. W. 412; Francis v. Lilly's Executrix, 124 Ky. 230; 98 S. W. 996; Mackenzie v. Salmon, 146 Ky. 616; 143 S. W. 20.)

The grounds on which a new trial was sought were that the original allotment of dower was set aside and Mrs. Davidson was allotted twenty-five acres more, which appellee understood settled the case and included her claim for rent; that appellee did not know that the case had been referred to the commissioner to hear evidence and report on rents; that the commissioner did not inform him of the order of reference or hold any sittings or afford him any opportunity to offer any evidence; that the commissioner's report was filed without his knowledge and that he did not know of the judgment confirming the report until some time after it was rendered. While appellant's evidence tends to support the grounds relied on, there are certain facts which render the grounds wholly insufficient. In the deeds which he took from the Harmison heirs, he agreed to satisfy Mrs. Davidson's claim for dower. In the answer and cross petition which she filed in the original action against appellee, she asserted a claim for rents and appellee and his attorneys were charged with notice of the issues made by the pleadings. Not only so, but appellee and his witnesses testified on the subject of rents. In the judgment awarding her dower, which was inspected by appellee's attorneys, the case was referred to the commissioner to report on rents. B. P. Friend, the commissioner in office when the order of reference was made, says that he inquired of appellee if he wanted to take any further evidence on the question of rents and he replied that he did not. The case was then handed to his deputy, Mr. Layne, who succeeded him in office and he told Mr. Layne that as far as the parties were concerned the case was ready to be reported. Mr. Layne's report was filed in open court on October 29, 1914. It was not confirmed until May 29, 1915, and final judgment was not rendered until December 10, 1915. It is true that appellee denies the conversation with Friend and also claims that

Messrs. May and May, who had been employed to assist Judge Goble when the latter took sick were only authorized to represent him on the question of dower and not on the question of rents. Of course, a party can not escape the consequences of his own negligence or that of his attorneys by showing that they were employed to represent him on one issue and not on another inseparably connected with it. On the whole, we conclude that the facts do not present a case of accident or surprise or unavoidable casualty or misfortune that prevented the appellee from appearing and making defense. The case is simply one where either he and his attorneys were willing to risk the question of rents on the evidence already taken or were negligent in not taking additional testimony if they desired to do so. It follows that the new trial was improperly granted.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.