## Denham v. Town of Wallins.

(Decided June 3, 1930.)

JOHN L. WILLIAMS for appellant.

J. O. BAKER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Dismissing appeal.

The appellee and defendant below, Town of Wallins, in Harlan county, is a city of the sixth class. The appellant and plaintiff below, N. R. Denham, filed this ordinary action against it in the Harlan circuit court seeking to recover from it $826.75, in payment of alleged services rendered it by plaintiff as civil engineer in the construction of designated public improvements by the city. On November 20, 1929, there was a default judgment rendered against defendant for the full amount claimed in the petition, and on December 17, being a continuation of the same term at which the judgment was rendered, a motion was made by attorney for defendant to set it aside, and which the court sustained four days thereafter and set aside the default judgment, to which plaintiff objected and excepted, and from which he has prosecuted this appeal to this court.

Neither party refers to or raises the first and most material question presented, i. e., this court's jurisdic-

tion to entertain the appeal. It is clearly settled, and we need not cite opinions or texts in support of it, that appellate courts have no jurisdiction to review the orders and judgments of inferior ones, unless they are final and put an end to the litigation, or to the particular point determined. If, therefore, the order appealed from in this case is not such a final one, then we have no jurisdiction to entertain this appeal. In the cases from this court of Miller v. Ashcraft, 98 Ky. 314, 32 S. W. 1085, 17 Ky. Law Rep. 894; Schweitzer v. Irwin's Ex'x, 101 Ky. 401, 41 S. W. 265, 19 Ky. Law Rep. 624; Dailey v. L. & E. Ry. Co., 180 Ky. 668, 203 S. W. 569; Steinke v. North Vernon Lbr. Co., 190 Ky. 231, 227 S. W. 274; Union Gas & Oil Co. v. Kelly, 194 Ky. 153, 238 S. W. 384; Davidson v. Richmond, 196 Ky. 553, 245 S. W. 1; Commonwealth v. Milburn, 191 Ky. 717, 231 S. W. 502, and others cited in those opinions, it was expressly determined that an order granting a new trial pursuant to a motion therefor made at the *same* term at which the judgment was rendered, including those made during that term to set aside a default judgment, was not a final order from which an appeal would lie to this court, and there is no case, either in this jurisdiction or any other, that we have been able to find, announcing a contrary view. The reason is that, until the adjournment of the term of court at which the judgment sought to be set aside was rendered, the court has jurisdiction to set it aside upon a seasonable motion made for that purpose at the same term of court, and likewise has jurisdiction over any order it may enter disposing of such a motion, and which right is lost if the term is adjourned or expires, unless the duly made motion to set aside the judgment should be continued to the next term. Another reason is that the one who obtained the judgment that was set aside upon such a motion is not put out of court thereby; but he still has the right to prosecute his litigation to a final determination on the merits, and, if he should then lose, he may appeal from the ruling of the court on that trial as well as from the order granting a new trial to his antagonist.

The only exception to the rule that no appeal lies to this court from an order granting a new trial is where the order is obtained in an independent proceeding filed and taken subsequent to the term at which the judgment was rendered pursuant to the provisions of sections 344 or 518 of the Civil Code of Practice, since the order granting or refusing a new trial, made and entered in

such independent proceeding for that purpose, is a final order from which an appeal will lie to this court, and which has been held in a number of cases, among which are the Davidson case, supra; Asher v. Cornett, 126 Ky. 569, 104 S. W. 347, 248, 31 Ky. Law Rep. 957; Pague v. O. & K. R. R. Co., 1 Ky. Law Rep. 399, and McCall v. Hitchcock, 7 Bush, 615. There is nothing in the Asher v. Cornett case holding to a contrary view, although the unmodified statement is made in that opinion that "a judgment vacating a former judgment, or refusing to vacate a former judgment and to grant a new trial, is final, and may be appealed from." The Hitchcock and Pague cases are cited in support of that statement, but when examined they disclose that the order appealed from was made in an independent proceeding to obtain a new trial filed after the expiration of the term at which the judgment sought to be set aside was rendered, and which substantiates the other cases supra to the effect that an appeal does lie to this court from the orders and judgments made and entered in such independent proceeding. The order appealed from in this case having been made during the same term of court at which the default judgment was rendered, was, therefore, under the cases supra, not such a final one as to give appellant the right to have this court review it on this appeal directly therefrom.

Wherefore, for the reasons stated, the appeal is dismissed.