## Crowe v. Crowe.

(Decided June 2, 1936.)

OTTO C. MARTIN and M. L. HEAVRIN for appellant.

E. S. HOWARD for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Freddie Crowe is appealing from a judgment and order of the Ohio circuit court setting aside and annulling a former judgment wherein he was decreed an absolute divorce from Haley A. Crowe.

By his petition filed in the Ohio circuit court in August, 1934, appellant sought a divorce from appellee on the ground of abandonment. He alleged in his petition that he had continuously resided in Ohio county for more than one year next before the commencement of the action; that appellee was a nonresident of this state, residing in the state of Indiana and her last-known address was Evansville, but her street and number were unknown to him. On this allegation and his prayer for a warning order, the clerk appointed E. S. Howard, a regular practicing attorney, to correspond with appellee and notify her of the action. The warning order attorney filed his report stating that he had written appellee advising her of the nature and pendency of the action and mailed the letter addressed as dirceted in the petition, but that the letter had been returned because appellee was not personally known to the postmaster and could not be located on account

of failure to give a street and number. The depositions of appellant and two other witnesses were taken. He attempted to sustain his alleged grounds for divorce by his own evidence. The other two witnesses testified only concerning his residence. On the record thus made, the court entered judgment granting appellant the relief sought.

Thereafter appellee filed in the action a pleading styled answer and cross-petition in which she alleged that she resided in Evansville and had no notice of the pendency of the action until January, 1935, and after the decree for divorce had been entered; and for that reason was prevented from making defense. In addition to a general denial of the allegation of the petition and setting up counter grounds for divorce, she alleged that she and appellant purchased a house and lot in the city of Evansville on the installment plan and had made several payments thereon while they lived together; that when appellant abandoned her and their two children, he left them residing in that house where they have since continuously resided; that he knew this fact and knew the street and number of the residence at the time he filed his action, but for the purpose of preventing her from making defense, fraudulently and willfully stated that he did not know her street address, and therefore the warning order attorney was unable to notify her of the action. She further alleged that appellant had resided for the last twenty years or more in the state of Indiana and had returned to this state about the middle of the year 1934, and had resided in this state only a few days prior to the time he filed this action.

Appellant entered a motion to strike the answer and cross-petition and also interposed both special and general demurrers thereto, all of which were overruled and he filed answer controverting the allegations of appellee's pleading. As shown by the orders of the court and as admitted in brief for appellant, oral evidence was heard on the application to have the judgment annulled and set aside, but the evidence is not in the record by bill of exceptions or otherwise.

At the outset, it may be said with regard to the right of appeal that in a proceeding under section 518 of the Civil Code of Practice, an order vacating a judgment and granting a new trial is a final order

from which an appeal will lie. Davidson v. Richmond, 196 Ky. 553, 245 S. W. 1; Francis v. Lilly's Ex'x, 124 Ky. 230, 98 S. W. 996, 30 Ky. Law Rep. 391; McCall v. Hitchcock, 72 Ky. (9 Bush) 66; Mackenzie v. Salmon, 146 Ky. 616, 143 S. W. 20.

It is first contended by counsel for appellant that the court was without authority to set aside or vacate the judgment granting the divorce after the term at which it was granted, and therefore the judgment of the lower court vacating such judgment was erroneous. According to appellee's pleading, appellant through fraud and perjury by way of his verified petition obtained the benefit of constructive service and thus procured the decree for divorce without notice to her or knowledge on her part; that by falsely representing that he had been a resident of Ohio county for more than twelve months next before the filing of his petition he procured the court to assume jurisdiction which in fact it did not have because he had only been residing in this state for a few days before he instituted the suit.

That a judgment for divorce may be vacated in a proper proceeding has been definitely determined in the case of Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, 732, where such a judgment was involved and wherein, among other things, it was said:

"The attacked judgment having been obtained by perjury or fraud in order to obtain the benefit of constructive process, it may be wholly vacated and set aside in a properly provided proceeding, and that such a proceeding is a suit in the same court to set it aside under subsection 4 of section 518 of the Civil Code."

As clearly indicated in the Logsdon Case, appellee alleged grounds sufficient to authorize the court to set aside the judgment, and since, as already indicated, the court heard evidence and that evidence has not been brought up by appellant, it will be presumed that it sustained the allegations of the petition and authorized the court's finding and judgment.

It is further contended, however, by appellant that although the lower court had power and authority to set aside the judgment granting a divorce, it could not do so after the term time except in a separate ac-

tion under section 518 of the Civil Code of Practice. This question was determined adverse to appellant's contention in Southern National Life Insurance Company v. Ford's Adm'r, 151 Ky. 476, 152 S. W. 243, 245, wherein it is said:

> "It is not necessary that an action to vacate a judgment under the provisions of sections 518 and 520 of the Code 'shall be a new and independent action,' although that is regarded as the better and safer practice. Henry Voght Machine Co. v. Pennsylvania Iron Works Co., 66 S. W. 734, 23 Ky. Law Rep. 2163; Joseph v. Hotopp, 7 Ky. Law Rep. 285; Murray v. Murray, 27 S. W. 977, 16 Ky. Law Rep. 332."

Appellee's pleading conformed to the requirements of section 520 of the Civil Code of Practice, and the application to set aside and vacate the judgment was to all intents, purposes, and effect a proceeding under section 518 of the Civil Code of Practice, and was therefore a properly provided proceeding for the purposes sought as indicated in Logsdon v. Logsdon, supra.

Judgment affirmed.