## Wilhoit, Com'r of Banking & Securities, et al. v. Nicely.

Nov. 3, 1939.

Pat Rankin for appellants.

Charles Luker for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Reversing.

The appellant, Hiram Wilhoit, Commissioner of Banking & Securities of the State of Kentucky, will be referred to throughout this opinion as the Commissioner whether reference is had to Mr. Wilhoit, or to his predecessor in office, or to any of his special deputies. The Commissioner obtained a default judgment against the appellee, Mrs. Anna Nicely, and she filed a petition under Section 344 of theCivil Code of Practice for a new trial and to have the same set aside. Upon a hearing, the court refused Mrs. Nicely a new trial and dismissed her petition. After the expiration of the term at which the order was entered dismissing this petition, Mrs. Nicely *filed a motion for a new trial of her petition for a new trial.* The court sustained her motion and entered a judgment granting her a new trial and setting aside several final orders entered at previous terms in the original action as well as in the independent action brought for a new trial. This appeal is prosecuted by the Commissioner from that judgment.

When the First State Bank of Livingston, Kentucky, became insolvent on February 13, 1932, Mrs. Nicely had deposits in it aggregating $4,013.32. In the liquidation of the bank a controversy arose between the Commissioner and Mrs. Nicely as to a contract between them wherein she was to purchase the banking house.

On December 31, 1935, the Commissioner filed a petition in equity against Mrs. Nicely to compel her to specifically perform her contract. On the summons issued against Mrs. Nicely there appears the following return: "Executed by delivering a true copy of this summons to Mrs. Anna Nicely 1-1-36 D. G. Clark S. R. C. by M. C. Doan D. S." On April 20, 1936, the court rendered default judgment against Mrs. Nicely in favor of the Commissioner for $2,200, the contract price of the property, and adjudging the Commissioner a lien on the property and ordering it sold in the event Mrs. Nicely failed to pay the $2,200 in the manner provided in the judgment. The property was sold under this judgment and at the August 1936 term orders were entered confirming the report of sale, distributing the proceeds and directing a deed to be made to the purchaser.

On March 30, 1937, Mrs. Nicely filed her petition under Section 344 of the Civil Code of Practice asking that the default judgment be set aside and that she be granted a new trial. In her petition for a new trial she alleged she was not served with process in the original action and that the return on the summons was false; she also pleaded unavoidable casualty in that she was seriously ill and could not have appeared in court in defense of the action had she been summoned. She set up her defenses to the action, one of which was that the contract concerning the purchase of this real estate was oral, therefore it was not enforceable. On August 11th, the Commissioner filed his answer traversing the petition for a new trial. The court heard the action for a new trial on September 9, 1937, and from the record the only evidence introduced was on the question of whether the summons in the original action was served on Mrs. Nicely. After hearing the testimony of several witnesses, including Mrs. Nicely and the deputy sheriff, Doan, the court entered judgment on the day of the hearing that Mrs. Nicely was properly before the court in the original action and that she was not entitled to a new trial and dismissed her petition; to which Mrs. Nicely excepted and was granted an appeal to this court. An order was entered September 9th, adjourning court sine die.

Instead of prosecuting an appeal to this court, Mrs. Nicely on September 11, 1937, lodged with the clerk of the court a motion for a new trial setting out that she was taken by surprise when Doan testified he had served

the summons on her, as she had been informed and believed that he would make no such statement; that the day after the trial she discovered new evidence which she could not have discovered beforehand by the exercise of reasonable diligence; and she filed in support of her motion the affidavits of three persons to the effect she was sick and confined to her room and could not have been in her restaurant the date Doan swore he served the summons on her there. On January 10, 1938, this order was entered: "Plaintiff, by counsel, produced and filed motion and grounds for a new trial herein on September 11, 1937, and same is now noted of record," and on January 29th, Mrs. Nicely filed in open court her own affidavit in support of her motion for a new trial setting up additional evidence she could produce to prove Doan never served her with summons. The court entered an order on January 29th, sustaining Mrs. Nicely's motion and granted her a new trial which expressly set aside the order entered September 9, 1937, dismissing her petition for a new trial; to all of which the Commissioner excepted and was granted until the 7th day of the April, 1938, term to file his bill of exceptions and same was filed on that date. On September 1, 1938, the court entered an order to the effect that the order of January 29, 1938, did not conform to the ruling of the court and it was ordered that Mrs. Nicely be granted a new trial and the judgment entered September 9, 1937, dismissing her petition for a new trial was set aside, as was the judgment in the original action, to all of which the Commissioner excepted.

To show the state of the record we have set out the various steps, but it is not necessary for us to discuss the many points raised in the brief for the appellants as to the irregularities of all proceedings subsequent to the final order of September 9, 1937. It was written as far back as 1870 in the case of McCall v. Hitchcock, 7 Bush 615, 70 Ky. 615, that the judgment of the court rendered on a petition for a new trial is a final judgment and cannot be modified by the court rendering it at a subsequent term on a motion for a new trial. It was said in the McCall case:

"The judgment is not a mere interlocutory order, subject to be set aside by the same court at a subsequent term, nor simply a ministerial act; nor could it be revised, as an ordinary decision of a motion for a new trial may be, on an appeal from the judg-

ment in the original action; but it is the final adjudication of important rights, litigated in a separate and independent suit, and is therefore properly brought before this court by this appeal for revision."

This rule has been followed in a long line of decisions down to the present, a few being: Simpson v. Bryan, 32 S. W. 412, 17 Ky. Law Rep. 752; Davidson v. Richmond, 196 Ky. 553, 245 S. W. 1; Asher v. Cornett, 126 Ky. 569, 104 S. W. 347, 31 Ky. Law Rep. 957; MacKenzie v. Salmon, 146 Ky. 616, 143 S. W. 20; Denham v. Town of Wallins, 234 Ky. 626, 28 S. W. (2d) 965. In the Denham case it was written that an order granting or refusing a new trial pursuant to the provisions of Sections 344 or 518 of the Civil Code of Practice is a final order from which an appeal will lie to this court.

Mrs. Nicely prayed and was granted an appeal from the final order entered by the court September 9, 1937, wherein she was refused a new trial and her petition was dismissed. Her remedy then was to prosecute her appeal to this court. Instead of doing that she attempted to obtain a new trial under Section 344 of the Code on account of newly discovered evidence, yet, she did not comply with this section by filing a petition and having summons issued, but merely filed a motion for a new trial. There must be a termination to litigation and we know of no procedure wherein one may file a motion for a new trial after the court has entered an order dismissing the petition in an independent action brought for a new trial. However that may be, Mrs. Nicely's motion for a new trial in this instance was filed after the term of court had adjourned and she did not proceed by a petition pursuant to Section 344 or to Section 518, Civil Code of Practice. She contends the term had not ended when she filed her motion for a new trial but the record shows otherwise. The case she cites of Hopper v. Barren Fork Coal Co., 263 Ky. 446, 92 S. W. (2d) 776, is not at all in point, as there the judge of the trial court, over the telephone, directed the clerk to file the motion for a new trial and to enter an order overruling same. We held this procedure was informal but not void. Here the motion for a new trial was not filed in court until the following term.

As stated above, Mrs. Nicely's remedy was by appeal to this court from the judgment entered by the circuit court on September 9, 1937, dismissing her peti-

tion for a new trial. The trial court was without authority to grant Mrs. Nicely a new trial pursuant to a motion made by her after the term expired. Section 342, Civil Code of Practice, and cases cited in the notes thereunder. McCall v. Hitchcock and the other cases cited supra are to the effect that the trial court was without authority on Mrs. Nicely's motion for a new trial to set aside orders entered at a previous term.

The judgment is reversed for proceedings not inconsistent with this opinion.