Ed BRUMLEY, Administrator of the Estate of John Brumley, Deceased, Appellant,

v.

John D. LEWIS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1960.

T. T. Burchell, Pleaz W. Mobley, Manchester, for appellant.

Denver Adams, Hyden, for appellees.

PALMORE, Judge.

This appeal is taken from an order setting aside a judgment theretofore entered by the same court in a separate proceeding. A motion to dismiss has been passed to the merits so that an opinion might be written settling the question of whether such an order is appealable.

The complaint in this case, filed in the Clay Circuit Court in June of 1958, alleged in effect that the defendant Brumley (appellant herein) had obtained a $15,000 judgment against plaintiffs (appellees herein) in the same court at its May 1958 term, though plaintiffs had never been summoned and had not appeared in that action. It was therefore demanded that the judgment be vacated and that a restraining order issue against the Sheriffs of Clay and Leslie Counties (joined as parties defendant in this suit) preventing them from levying execution thereon. After responsive pleading and the reception of evidence the trial court on July 22, 1959, entered an order in this proceeding setting aside the judgment in the original action and giving plaintiff 20 days to answer therein.

At the time this action was commenced CR 60.02, in providing for a direct attack upon a judgment by motion, expressly preserved the right to the same relief by independent action. (The existence of optional alternative procedures is made even more explicit by CR 60.03, effective June 1, 1960.) Proceedings to vacate or modify a judgment brought by petition pursuant to §§ 344 and 518 of the old Code of Civil Practice were treated as independent actions in which an order granting or refusing the relief requested was held to be final and appealable to this court. McCall v. Hitchcock, 1870, 7 Bush. 615, 70 Ky. 615; Wilhoit v. Nicely, 1940, 280 Ky. 793, 134 S.W.2d 615, 617; Denham v. Town of Wallins, 1930, 234 Ky. 626, 28 S.W.2d 965; Davidson v. Richmond, 1922, 196 Ky. 553, 245 S.W. 1; Mackenzie v. Salmon, 1912, 146 Ky. 616, 143 S.W. 20, 21. However, on a reconsideration of the question this court

in Hackney v. Hackney, Ky.1959, 327 S.W. 2d 570, 571, determined that view to be unsound with respect to the setting aside of a judgment and, in so concluding, said: "There would not seem to be any basis for a differentiation between a setting aside by order on a motion and one by judgment in an independent action."

The opinion in Hackney v. Hackney further points out that the final and appealable character of an order should be tested on the basis of "whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined." In the application of that test the fact that the relief was sought by independent action is, of course, immaterial. For the same reasons, therefore, as stated in the Hackney opinion, the order here in question is not appealable.

Appellees' motion to dismiss the appeal is sustained.