STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Petitioner,

v.

Hon. Danny P. CAUDILL, Judge, Floyd
Circuit Court, Respondent,

and

Charles Randall Conley, Real
Party In Interest.

No. 2003–CA–001333–OA.

Court of Appeals of Kentucky.

Sept. 26, 2003.

Appeal Dismissed May 12, 2004.

Richard G. Segal, Jason B. Moore,
Louisville, KY, for petitioner.

Nathan Collins, Lackey, KY, for real
party in interest.

Before EMBERTON, Chief Judge;
BAKER and BARBER, Judges.

## OPINION AND ORDER

BAKER, Judge.

This matter is before the Court on State Farm Mutual Automobile Insurance Company's ("State Farm") petition for writ of prohibition pursuant to Ky. R. Civ. P. (CR) 76.36. State Farm seeks relief from a June 13, 2003, order of the Floyd Circuit Court granting a petition for discovery filed under Kentucky Revised Statute (KRS) 304.39–280(3) by Charles Randall Conley, the real party in interest herein.

We begin by noting that a writ is a vehicle designed to implement or to facilitate the Court's jurisdiction and is not to be used as a substitute for the appellate process. *See Francis v. Taylor,* Ky., 593 S.W.2d 514 (1980). It is an extraordinary remedy to which a petitioner must show entitlement. To prevail on the writ, State Farm must demonstrate that:

1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or 2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.

*Southeastern United Medigroup, Inc. v. Hughes,* Ky., 952 S.W.2d 195, 199 (1997).

On February 14, 2003, Conley petitioned the Floyd Circuit Court, respondent herein, pursuant to KRS 304.39–280(3) for an order "permitting discovery into the matter of the misappropriation, mishandling, and misuse of his private medical information, including the right to take written and oral depositions." A civil summons was issued and served on State Farm with the petition. State Farm filed objections thereto. The circuit court disposed of the petition by order entered June 13, 2003, which provides in pertinent part:

IT IS HEREBY ORDERED that Petitioner's Petition and Motion to take Discovery is GRANTED and SUSTAINED with respect to matters affecting Petitioner's medical information and basic reparation benefits. Pursuant to KRS 304.39–280(3), petitioner may take discovery, including written or oral depositions with the limitation that such discovery must be related to matters affecting his medical information and basic reparation benefits. Respondent's objections to such discovery are OVERRULED.

Floyd Circuit Court Order at 1.

State Farm now seeks relief from the above order through the instant petition for writ of prohibition. We, however, hold the petition for writ of prohibition must be dismissed, our reasoning being that the proper avenue by which to challenge a final decision disposing of a petition filed under KRS 304.39–280(3) is by direct appeal.

KRS 304.39–280 is a provision of the Kentucky Motor Vehicle Reparations Act (KRS Chapter 304.39) that establishes a procedure for the disclosure of "information relevant to a claim for basic or added reparation benefits." Subsection (3) of KRS 304.39–280 is at issue in this original action. It reads as follows:

In case of dispute as to the right of a claimant or reparation obligor to discover information required to be disclosed, the claimant or reparation obligor may petition the Circuit Court in the county in which the claimant resides for an order for discovery including the right to take written or oral depositions. Upon notice to all persons having an interest, the order may be made for good cause shown. It shall specify the time, place, manner, conditions, and scope of the discovery. To protect

against annoyance, embarrassment, or oppression, the court may enter an order refusing discovery or specifying conditions of discovery and directing payment of costs and expenses of the proceeding, including reasonable attorney's fees.

KRS 304.39–280(3). Under the above statute, a party may file a petition in circuit court when a dispute exists regarding the right of a claimant or reparation obligor to pursue discovery. The circuit court may enter an order compelling discovery or denying discovery. In essence, KRS 304.39–280(3) creates an independent cause of action in the circuit court to resolve such discovery disputes.

In the case at hand, Conley filed a petition in the circuit court under KRS 304.39–280(3), and the circuit court entered an order on June 13, 2003, granting the petition, thus compelling discovery. The June 13, 2003, order fully adjudicated the issue of discovery raised in the petition; consequently, it represented a final and appealable order pursuant to (CR) 54.01.

CR 54.01 defines a final judgment as follows:

A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding. A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02. Where the context requires, the term "judgment" as used in these rules shall be construed "final judgment" or "final order".

In other words, the finality of an order is determined by whether it grants or denies the ultimate relief sought in the action. *See, e.g., Security Federal Sav. & Loan Ass'n of Mayfield v. Nesler*, Ky., 697 S.W.2d 136, 138 (1985); *Brumley v. Lewis*, Ky., 340 S.W.2d 599, 600 (1960); *Commonwealth ex rel. Reeves v. Unknown Heirs of*

*Brown*, Ky., 249 S.W.2d 52, 53 (1952). It is clear to us that the June 13, 2003, order granted Conley the ultimate relief that he sought in his petition, thereby fully disposing of his dispute with State Farm and putting an end to the action itself. Accordingly, we are of the opinion that the June 13, 2003, order is final and, consequently, that an appeal as a matter of right was State Farm's exclusive remedy to challenge it before this Court.

Therefore, it is ORDERED that this original action be DISMISSED.

ALL CONCUR.