RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0701-MR

DONNA MILLER BRUENGER                                          APPELLANT

v.                  APPEAL FROM JEFFERSON CIRCUIT COURT
                    HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                           ACTION NO. 19-CI-004039

COURTENAY ANN MILLER                                           APPELLEE

OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE: This case arises from a declaratory judgment action in which

Donna Bruenger appeals the order of the Jefferson Circuit Court entered on June 2,

2022. It has undergone a long, tortuous, and vitriolic journey through the judicial

system. After our review, we dismiss the appeal.

Donna and her husband, Coleman Miller, a civilian employee of the United States Air Force, after a marriage of 27 years, divorced in Jefferson County in 2011. At the time of their divorce, Coleman was unrepresented by counsel. Nevertheless, he entered into a property settlement agreement with Donna, who was represented by counsel. The agreement provided, in pertinent part, that "[Donna] shall remain the beneficiary of the life insurance policy in the name of [Coleman] to the extent of two (2) times the value of [Coleman's] annual rate of income/salary." The court's divorce decree directed that "[Coleman] is hereby ordered to assign his Federal Employee's Group Life Insurance (FEGLI) benefits to [Donna]."

A specific order, referred to as a "Court Order Acceptable for Processing Under the Civil Service Retirement System," was prepared and entered. Its terms required that: (1) the Office of Personnel Management (OPM) pay a portion of Coleman's pension benefits to Donna upon his retirement; (2) Coleman establish a former spouse survivor annuity for Donna under the Federal Employee Retirement System; and (3) Coleman assign his Federal Employee's Group Life Insurance benefits to Donna. In March 2012, OPM confirmed that the court order had been processed with respect to Coleman's pension benefits and the former spouse survivor annuity award. However, the court's order was not received by

Coleman's employing agency as required by federal law, and he did not designate Donna -- or any beneficiary -- to receive his FEGLI benefits.

Coleman died on April 18, 2017, in Oklahoma. Courtenay Miller, the appellee and Coleman's only child, was informed by a representative of the Defense Finance and Accounting Services that her father's life insurance benefit was payable to her. Later, Courtenay became aware of the beneficiary language of her father's property settlement agreement and the terms of the divorce decree entered by the Jefferson Circuit Court in 2011. She forwarded the court documents to Tinker Air Force Base, Coleman's employing agency. A representative of OPM notified Courtenay that the divorce decree had never been filed with Coleman's employing agency as required by federal law and that he had not designated Donna -- or any beneficiary -- to receive his FEGLI benefits. Consequently, pursuant to specific provisions of federal legislation and regulations, she was entitled to receive the proceeds of her father's life insurance (approximately $172,000.00).

Subsequently, Donna's claim for the life insurance benefit was denied. The Office of Federal Employee's Group Life Insurance explained that where an insured assigned ownership of his insurance policy, it paid proceeds to the beneficiary designated by the assignee (or if none, to the assignee). Where an insured did not assign ownership of the policy, *but a valid court order was on file with the insured's employing office before his death*, it paid proceeds according to

the court order. Where an insured did not assign ownership of the policy and there was no valid court order on file with the insured's employing office, it would pay proceeds as follows: first, to the beneficiary, designated by the insured; second, if no beneficiary was designated, to the insured's widow or widower; third, if no beneficiary was designated and no spouse survived the insured, to the insured's child or children. In accordance with this process, the proceeds were paid to Courtenay.

Donna requested that Courtenay turn over to her the life insurance proceeds. When Courtenay refused to pay over the proceeds to Donna, Donna filed a claim against Coleman's estate in Oklahoma's probate court. After the parties agreed to a dismissal of the Oklahoma proceedings, Courtenay filed an action in federal court seeking a declaration that she is the rightful owner of the insurance proceeds.

In the federal court proceeding, Courtenay sought to forestall a state court action by Donna to recover the insurance proceeds according to the terms of the separation agreement and provisions of the circuit court's order filed with the OPM in 2011. The federal district court concluded that it lacked subject-matter jurisdiction, in part, because Donna could not file an action arising under federal law and also because the federal claim would arise only as a defense to a state-created legal action. It dismissed the proceedings by an order entered on June 17,

2019. The United States Court of Appeals, Sixth Circuit, affirmed the decision of the federal district court on the same basis. *Miller v. Bruenger*, 949 F.3d 986 (6th Cir. 2020).

In July 2019, Donna filed this declaratory judgment action in Jefferson Circuit Court. By order entered on December 9, 2020, the circuit court determined that provisions of the Federal Employee's Group Life Insurance Act governed the action and that the life insurance proceeds had been distributed in accordance with its express requirements. The court expressly concluded "**there is no remedy available to [Donna] as a matter of law or equity against [Courtenay]**." (Emphasis added.)

The circuit court cited *Hillman v. Maretta*, 569 U.S. 483, 496, 133 S. Ct. 1943, 1953, 186 L. Ed. 2d 43 (2013) (given the provisions of the federal act governing federal employees' life insurance benefits, the order of precedence governs except where a "decree, order, or agreement . . . is received, before the date of the covered employee's death, by the employing agency."). It also cited *Evans v. Diamond*, 957 F.3d 1098 (10th Cir. 2020) (court correctly concluded that relevant provisions of the Federal Employee Retirement Systems Act, 5 U.S.C.[1] §§ 8401-8480, preempt any conflicting Utah state property rights). The circuit court determined that "to order otherwise, as compelling as that may be, would directly

---

[1] United States Code.

contradict the controlling language of the Act." The circuit court held that it was impossible as a matter of law and equity for Donna to prevail against Courtenay. Donna did not appeal.

However, on March 3, 2021, Donna filed a motion requesting the circuit court to "designate" its order of December 9, 2020, as final and appealable. Citing our rules of civil procedure (CR), Courtenay responded, arguing that the order of December 9, 2020, became final and appealable by operation of the law (regardless of the absence of "final and appealable" language) ten days after its entry and that the trial court lost jurisdiction as of that date. This was certainly not a novel argument. *See Brumley v. Lewis*, 340 S.W.2d 599, 600 (Ky. 1960) (internal quotation marks omitted) (stating that "the final and appealable character of an order should be tested on the basis of whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined"). Nevertheless, by order entered March 24, 2021, the circuit court rejected Courtenay's contention that it no longer had jurisdiction to modify the previous order. Concluding that Donna should not "be denied the opportunity to appeal same[,]" the court "deemed" its order of December 9, 2020, final and appealable. Donna filed a notice of appeal on April 4, 2021.

By order entered September 14, 2021, we granted Courtenay's motion

to dismiss the appeal as untimely. We observed as follows:

> Under CR 54.02, a judgment which adjudicates some, but not all, of the claims in a case may be made final by the trial court only by a recitation that the judgment is final and that "there is no just reason for delay." CR 54.01, however, contains no such requirement. A judgment which disposes of an entire case is final, **and no such recitations are necessary or required**.

> Courtenay argues the trial court's December 9, 2020 order was just such a judgment. After a careful review of the petition and the trial court's December 9, 2020 order, we agree. The trial court ruled that Donna was not legally entitled to the proceeds of [Coleman's life insurance proceeds], thereby denying Donna's petition. While the petition did seek additional relief, *i.e.*, that the trial court order Courtenay to transfer the proceeds of the [life insurance policy], that relief was predicated on the trial court first declaring that Donna was entitled to the proceeds. . . . [O]nce the December 9, 2020 order was entered, there was nothing further for the trial court to do.

> A petitioner in a declaration of rights action has the same responsibility to properly invoke this Court's jurisdiction as any other litigant. A trial court may issue a binding declaration of rights in any action "wherein it is made to appear that an actual controversy exists[.]" KRS[2] 418.040. "Any party aggrieved by a declaratory judgment, order or decree, rendered in the Circuit Court, may take and perfect an appeal to the Court of Appeals in the manner provided in the Rules of Civil Procedure for appeals." KRS 418.060. **It was incumbent upon Donna to appeal from the December 9, 2020 order**.

---

[2] Kentucky Revised Statutes.

Because the trial court's December 9, 2020 order was final, the trial court no longer had jurisdiction of the matter when Donna filed her March 3, 2021 motion "to designate" that order as final. A trial court loses jurisdiction of a case ten days after entry of a final order or judgment if no action is taken under CR 59.05 to alter, amend, or vacate it. *Commonwealth v. Marcum*, 873 S.W.2d 207, 211 (Ky. 1994).

. . . .

Donna argues that while the trial court's December 9, 2020 order eliminated her chances to prevail in this action as a practical matter, it did not, in fact, terminate the litigation. She has offers [sic] no argument, however, as to what more was required from the trial court once the order was entered. Instead, Donna directs our attention to a December 14, 2020 hearing in which this issue was specifically discussed. As an initial matter, we note that trial "courts speak only through written orders entered upon the official record." *Oakley v. Oakley*, 391 S.W.3d 377, 378 (Ky. App. 2012) and no written order was entered based on the discussion of the trial court and counsel during the December 14, 2020 hearing. Nonetheless, we have reviewed the video record.

The hearing took place only five days after the December 9, 2020 order was entered, and while the trial court was aware the order had been entered, counsel had not yet reviewed the order. Moreover, the trial court did not have the record or a copy of the December 9, 2020 order available when speaking with counsel. What followed was a largely theoretical discussion in which the trial court made clear that it was operating from memory as to whether it believed its order was, in fact, final. At no time did the trial court, or counsel, articulate what specifically remained before the trial court or offer an argument as to why the order was not final. Counsel were encouraged to review the December 9, 2020 order

and base their conclusions on the actual contents of the order.

Because we conclude that the trial court's December 9, 2020 [order] was final and appealable, we are constrained to dismiss this appeal. The trial court lost jurisdiction of the matter ten days after that order was entered. Having not filed for CR 59.05 relief within the ten-day window, Donna had 30 days to timely file a notice of appeal. **The trial court's subsequent "finality" order therefore did not and could not re-start the clock on Donna's time to appeal**.

(Emphases added.)

Nearly three months later, on December 3, 2021, Donna filed a motion in Jefferson Circuit Court seeking relief from the court's order of December 9, 2020, pursuant to the Kentucky Rules of Civil Procedure. Relying on the provisions of CR 60.02, she requested the court to vacate the December 9, 2020, order. Donna argued again that she did not perceive the court's order of December 9, 2020, to be final and appealable. And she relied again on specific portions of the court's hearing of December 14, 2020, that had been exhaustively reviewed by this Court in September 2021.

She indicated that her appeal had been dismissed based upon the fact that the circuit court's order of December 9, 2020, became final ten days after it was entered. Therefore, Donna asked the court to "vacate the 12-9-20 Opinion and *thereafter re-issue it*." (Emphasis added). She argued that "reinstat[ing] its order of 12-9-20 thus effectively reinstate[s] her right to appeal." Donna noted that *if* she

"was in error in construing the 12-9-21 Order as non final she was in good company" since the circuit court "was of the same belief." Perhaps to diminish the gravity of our order of dismissal, Donna noted the language that we had felt "constrained" to conclude that the circuit court lacked jurisdiction to "re-start the clock on [her] time to appeal" through its order of March 24, 2021. Courtenay filed a comprehensive response to the motion, correctly arguing that our decision (concluding that the order of the circuit court was not subject to appeal) controlled the circuit court's determination.

Through its order entered on February 16, 2022, the Supreme Court of Kentucky denied discretionary review of our order dismissing Donna's appeal.

On June 2, 2022, the Jefferson Circuit Court granted Donna's motion to vacate its order of December 9, 2020. With no substantive changes, the circuit court's order of December 9, 2020, was simply entered again on June 2, 2022. Donna's second notice of appeal in this action was filed on June 15, 2022. That second appeal is now before us.

We have no motion to dismiss before us. Nevertheless, we hold that the motion practice undertaken in the circuit court following our first dismissal was aimed directly and solely at avoiding the law of the case irrefutably established by our decision and that it constitutes a scandalous attempt to undermine our jurisdiction. Therefore, we dismiss on our own accord.

-10-

Our opinion and order dismissing the initial appeal of this matter unequivocally established that the trial court had acted outside its jurisdiction when it attempted to modify its final order entered on December 9, 2020, and that counsel had failed, thereafter, to invoke our jurisdiction. Counsel's subsequent motion to vacate the underlying December 9, 2020, order was made in an effort to circumvent the substance and consequences of that decision. Counsel's attempt to outmaneuver this Court was an egregious affront to our authority. This conclusion is particularly compelling because arguments made to the circuit court (upon the very record that we had scrupulously reviewed just months before) were the very same arguments that we had considered and clearly rejected.

Counsel argued before the trial court that we had erred in our determination on appeal and that Donna could be afforded another chance to appeal if the trial court's order were simply "re-issued." Counsel essentially asked the trial court to reverse this Court and to correct our "error" in disregard of the clear hierarchy of the court system. That conduct constitutes a patent indifference to and contempt for the objectives of our appellate procedure. The shenanigans underlying the motion made a mockery of the judicial system.

As required by RAP[3], counsel signed his CR 60.02 motion invoking our jurisdiction once again. We note the clear language of RAP 11(A)(1):

---

[3] Kentucky Rules of Appellate Procedure.

The signature of an attorney or party constitutes a certification that the signatory has read the filing, that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

We also cite the language of RAP 11(B):

**(B) Frivolous filings**. An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith. If an appellate court determines that an appeal or appellate filing is frivolous, it may impose an appropriate sanction, including but not limited to:

(1) Striking of filings or briefs or portions thereof;

(2) A dismissal of the appeal or denial of the motion;

(3) Awarding just monetary sanctions and single or double costs to the opposing party;

(4) Imposition of fines on counsel of not more than $1,000; and

(5) Such further remedies as are specified in any applicable rule.

We hold that this appeal is wholly frivolous. We conclude that it was undertaken in bad faith and in derogation of the rules governing appellate practice. Therefore, we elect to impose subsection (3) of RAP 11(B) and

-12-

award costs, including attorney's fees, expended by Appellee in defending this appeal.  This appeal is dismissed.

ORDER
DISMISSING

** ** ** ** **

Having concluded that this appeal was frivolous and that it is wholly lacking in merit, we order that it be, and it is, hereby DISMISSED.  In addition, pursuant to RAP 11(B)(3), we sanction counsel for the Appellant by awarding to Appellee the costs of this appeal, including her attorney's fees.

ALL CONCUR.

ENTERED: _____            _____
                                      JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:            BRIEF FOR APPELLEE:

Kirk Hoskins                     Stephen P. Imhoff
Louisville, Kentucky             Louisville, Kentucky