CASE 56—ACTION FOR DAMAGES—OCTOBER 6.

# Mergenthal v. The South Covington & Cincinnati Street Railway Co.

APPEAL FROM CAMPBELL CIRCUIT COURT.

APPEAL—FINAL ORDER—ORDER GRANTING NEW TRIAL.—An order granting a new trial is not a final order from which an appeal lies.

WILSON & HENLINGER AND THOS. P. CAROTHERS FOR APPELLANT.

1. The trial court in granting a new trial delivered an opinion which indicated on a subsequent trial he would instruct the jury peremptorily to find for the defendant on the ground of contributory negligence. This was a final order.

2. The company was guilty of negligence in leaving its car on a public highway where children could reach it. Angell on Highways, 3d Ed., sec. 347; Lynch v. Nurdin, vol. 1, Q. B. Rep., 29; Union Pacific Ry. Co. v. McDonald, 60 Am. & Eng. Ry. Cases, 1; Bussin v. Milwaukee, L. S. & W. Ry. Co., 10 Am. & Eng. Ry. Cases, 719 (Wis.); Wood on Nuisance, 3d Ed., p. 906, sec. 703; Stetler v. Ry. Co., 46 Wis., 503; Rauch v. Lloyd & Hill, 31 Pa. St., 358; Pa. R. R. Co. v. Kelly, 31 Pa. St., 372; Wasmer v. Del. Ry. Co., 1 Am. & Eng. Ry. Cases, 122; Ilott v. Wilkes, 3 B. & A., 304; Deane v. Clayton, 7 Taunt., 489; Bird v. Holbrook, 4 Bing., 628; Marriott v. Stanley, 1 Man. & Gr., 568; Jay v. Whitfield, 3 B. & A., 308 (note); Jordan v. Krump, 8 M. & W., 782.

Mergenthal v. The South Covington & Cincinnati Street Ry. Co.

3. The plaintiff in this case could not be held guilty of contributory negligence as a matter of law. Lynch v. Nurdin, *supra;* Kucera v. The Merrill Lumber Co., 65 N. W. R., 374; Chopin v. Badger Paper Co., 83 Wis., 192; L., E. & W. Ry. Co. v. Mackey, 53 O. S., 370; Baker v. R. R. Co., 68 Mich., 90; East Tenn. Coal Co. v. Harshaw, 16 Ky. Law Rep., 526; McMehan v. R. R. Co., 39 Md., 438; Shearman & Redfield on Negligence, sec. 73; Thurber, Gdn. v. The Harlan B. M. & R. R. Co., 60 N. Y., 327; Cin. Street Ry Co. v. Wright, 43 N. E. R., 688; Rolling Mill Co. v. Carrigan, 46 O. St., 283; Queen, by &c. v. Dayton Coal & Iron Co. (Ltd.) 30 L. R. A.,82 (Tenn.); Roth by &c. v. Union Depot Co., 13 Wash., 525; s. c., 31 L. R. A., 855; Pad. St. Ry. Co. v. Atkins' Admr., 14 Ky. Law Rep., 425; Branson's Admr. v. Labrot, 81 Ky., 638; Claxton v. L. & B. S. R. R., 13 Bush, 636; East Tennessee Coal Co. v. Harshaw, 16 Ky. Law Rep., 526; L. & N. Ry. Co. &c. v. Popp, 96 Ky., 99 (16 Ky. Law Rep., 369); Louisville & Nashville R. R. Co. v. Webb, 35 S. W. R., 1117; Rauch v. Lloyd & Hill, 31 Pa. St., 358; Penn. R. R. Co. v. Kelly, 31 Pa. St., 372.

C. B. SIMRALL FOR APPELLEE.   (SIMRALL & GALVIN OF COUNSEL.)

An order granting a new trial is not a final order. Miller v. Ashcraft, 17 Ky. Law Rep., 894; Embry v. Palmer, 107 U. S., 3; Terre Haute R. R. v. Struble, 109 U. S., 381; Missouri R. R. v. C. & A. R. R., 132 U. S., 191; Thomas v. Myers, 87 N. Car., 31; Smith v. Board of Education, 27 U. S. D., 44; Merritt v. Morse, 113 Mass., 271; Am. & Eng. Enc. of Law, vol. 18, pp. 680-683; Judd's Admx. v. C. & O. Ry. Co., 18 Ky. Law Rep., 747.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is an action by appellant to recover damages for an injury received by him through the alleged negligence of appellee. The issues were made up, and a trial had, resulting in a verdict for appellant. Motion for a new trial was made, and numerous grounds therefor were filed. The trial court sustained the motion, and set aside the verdict of the jury, and granted a new trial, and this appeal is prosecuted to reverse the order granting the new trial.

The question upon appeal is, was the order of the lower court granting a new trial to appellee, such a final order as can be reviewed by this court upon appeal? It is contended by appellant that, as the trial judge, at the time he granted the motion for a new trial, made use of these words: "I can not account for the jury finding that such a boy as appellant did not have sufficient intelligence to understand that there was danger in getting on a flat car and riding down hill on it, unless they were carried away by their sympathy for the little chap, whose unfortunate condition appealed so strongly to all who saw him that the court feels hardly less than the jury must have; but it can not let that influence it in the administration of the law,"—this means that the court would give a peremptory instruction on the next trial, and was in reality a final disposition of the cause of action by the trial judge. The question whether this court has jurisdiction to review this order upon appeal depends upon whether it was a final order, and this must be determined by the condition in which it left the parties to the litigation, as to their rights, and not by the remarks of the judge at the time the order was given. A final judgment is one that either terminates the action itself, or decides some matter litigated by the parties, or operates to devest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition. See Helm v. Short, 7 Bush, 624; Turner v. Browder, 18 B. Mon. 826; and Winn v. Dry Goods Co., 19 Ky. Law Rep. 1420 [43 S. W. 436]. It is evident that there has been no final determination of the rights of appellant. The case still remains upon the docket of the trial court, undetermined, and is not the subject of review in this court upon an ap-

peal prosecuted from the order granting a new trial. See Schweitzer v. Irwin's Ex'x., 19 Ky. Law Rep. 624 [41 S. W. 265]; Christman v. Chess, Wymond & Co., 19 Ky. Law Rep. 1244 [43 S. W. 426]; Miller v. Ashcraft, 98 Ky. 314 [32 S. W. 1085]; and Judd's Adm'x. v. C. & O. Railway Co., 18 Ky. Law Rep. 749 [37 S. W. 842]. For the reasons indicated, this appeal is dismissed.