**COMMONWEALTH et al. ex rel. REEVES, Commissioner of Revenue et al. v. UNKNOWN HEIRS OF BROWN.**

Court of Appeals of Kentucky.

May 16, 1952.

Roy W. House, Manchester, Cleon K. Calvert, Pineville, for appellants.

H. M. Sutton, Corbin, J. J. Tye, Barbourville, for appellees.

CLAY, Commissioner.

We have before us an appeal from an order setting aside a former judgment and granting the defendants, appellees, a new trial. It must be dismissed for lack of jurisdiction.

In 1942 a judgment affecting the rights of the defendants was entered in the Clay circuit court. Within five years thereafter they filed a motion to set aside the judgment and to be granted a new trial, on the ground that they had been constructively summoned in the action and had not appeared. The authority for this motion is found in section 414 of the Civil Code of Practice.

The circuit court sustained the motion, set aside the former judgment, and granted a new trial. It is from this order that the plaintiffs attempt to appeal.

It is generally recognized that an order granting a new trial is not a final one which this Court has jurisdiction to review. Mergenthal v. South Covington & Cincin-

nati Street Railway Co., 104 Ky. 424, 47 S.W. 257. In that case we said, at page 426 of 104 Ky., at page 258 of 47 S.W.:

"A final judgment is one that either terminates the action itself, or decides some matter litigated by the parties, or operates to devest some right *in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition.*" (Our italics.)

■ In Perry v. Covington Savings Bank & Trust Company and Tilden Perry, 195 Ky. 40, 241 S.W. 850, the question was presented as to whether or not an order granting a new trial under section 414 of the Civil Code of Practice was interlocutory or final. Such order was held to be interlocutory. In that case the original judgment had not been formally set aside, as it was in the present case, but obviously such circumstance is not controlling. The determining factor is whether the order grants or denies the ultimate relief prayed by the parties or requires further steps to be taken in the adjudication of their rights. See Hartford Fire Insurance Company v. McDonald, 177 Ky. 838, 198 S.W. 225.

It is clear that the order appealed from in this action did not dispose of the merits of the case, but called for a further hearing in order that the parties' rights might be finally determined. It is perfectly possible that after a new trial the original judgment, favorable to the plaintiffs who are here appealing, may be confirmed and reinstated. Therefore the order granting a new trial has not itself divested the plaintiffs of any rights, nor has it granted to the defendants the ultimate relief claimed by them.

■ We conclude that the order granting a new trial under section 414 of the Civil Code of Practice is not a final one, and we have no jurisdiction to review it. We may say in passing that the same considerations, for obvious reasons, are not controlling where the lower court *refuses* to grant a new trial.

For the reasons stated, the appeal is dismissed.