## BROWN et al. v. WHITE et al.

Court of Appeals of Kentucky.

Feb. 19, 1954.

H. M. Sutton, Corbin, J. J. Tye, Barbourville, for appellants.

Roy W. House, Manchester, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment reinstating an earlier one entered in 1942. A former appeal from an order setting aside the 1942 judgment was dismissed by this Court for lack of jurisdiction. Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 1952, 249 S.W.2d 52.

In 1942 the Commonwealth and Clay County brought suit against the unknown heirs of P. J. Brown to sell for taxes real estate formerly owned by him. There being no appearance for the defendants, a judgment was entered in 1942, the property was sold to appellee White, and the commissioner's report of sale was confirmed in 1943.

In 1948 the heirs of P. J. Brown filed a motion in the form of a petition to set aside the judgment and be granted a new trial on the grounds that: (1) the appointment of the warning order attorney in the original action was defective and did not give the court jurisdiction of appellants, (2) the assessments of the property were illegal and excessive, and (3) the sale was invalid. The trial court thereupon set aside the judgment and sale made pursuant thereto and granted appellants a new trial. The appeal from this order by the present appellees was the one formerly dismissed in this Court.

Further proof having been taken, the court declined to uphold appellants' defense to the action and reinstated the former judgment. This last order is the one from which appellants now appeal.

Appellants are still directing their attack against the original judgment. They confine their argument to the contention that because of the manner in which constructive service was obtained against them originally the former judgment was erroneous or perhaps even void. Assuming, without deciding, that the steps to obtain jurisdiction of appellants initially failed to comply with the proper procedural requirements, that question has become moot because the original judgment as such was set aside. Except to the extent it has become incorporated in a new judgment, it is not before us and, therefore, the sufficiency of process in obtaining it no longer need be considered.

Appellants have proceeded under Section 414 of the Civil Code of Practice. This was the basis of decision on the former appeal. They have entered their appearance to the action and the question of service has been extinguished. Appellants' motion in the form of a petition which in-

itiated the new phase of this proceeding specifically prayed for a new trial as authorized by that Section of the Code. This relief was granted, and it became incumbent upon them to prove a defense *to the action.*

 A new trial was had by depositions taken in open court, but appellants failed to prove a valid defense with respect to the illegality of the assessments. That was their only defense on the merits to the right of the Commonwealth and Clay County to sell their land to satisfy the tax liens upon it. Since their defense to the action failed under Section 414 of the Civil Code of Practice the court was authorized to confirm the former judgment. Upon the record presented, we find no reversible error in taking such action.

The judgment is affirmed.