**Lester WENK et al., Appellants,**

**v.**

**David RUBY et al., etc., Appellees.**

Court of Appeals of Kentucky.

April 17, 1964.

Rehearing Denied June 12, 1964.

Val A. House, Jr., Scottsville, for appellants.

Paul Huddleston, Bowling Green, for appellees.

DAVIS, Commissioner.

Appellants Lester Wenk and L. C. Tabor appeal from an order of the Allen Circuit Court refusing to direct the sale of certain oil and gas leases upon which they have lien claims. The present appeal is an outgrowth of litigation that went to final judgment in Allen Circuit Court; that judgment was brought here in an earlier appeal, and was affirmed when the appealing parties failed to file briefs. When the affirming mandate was filed, the present appellants sought enforcement of what they perceived to be their rights under the affirmed judgment. The main question here is whether the appellants are entitled to demand a judicial sale of the oil and gas leases to satisfy their liens; a related question is their claim for enforcement of their judgments against the corporate surety on the supersedeas bond executed upon the original appeal.

The present appellees, to whom we shall refer as Ruby, held oil and gas leases on about 1,900 acres of Allen County land. Ruby entered upon an agreement with interests, to whom we shall refer as Black Rock, by the terms of which Black Rock was put into possession of the leased premises and authorized to undertake exploratory operations. Black Rock is a Texas corporation; it incurred substantial obligations for labor and materials employed in its exploratory operations on the leased premises. When Black Rock began to default in the payment of its debts, some of its creditors filed suits against it in Allen Circuit Court. Meanwhile, the brief term accorded Black Rock under its agreement with Ruby expired, so that the leasehold rights became fully revested in Ruby. Thereupon, Ruby filed an action in Allen Circuit Court in the nature of a quiet title proceeding, in which it was asserted that various known and unknown persons claimed to be creditors of Black Rock and had filed lien claims against the leaseholds.

Appellant Wenk was among those creditors who had filed a lien claim for labor and materials under KRS Chapter 376. Appellant Tabor came into the suit presenting an unliquidated claim for damages based on negligent pollution of the grazing lands of Tabor; it was asserted that Tabor had been damaged in the sum of $545. Of course, this claim was not presented as a lien claim at the outset of the litigation.

· The case was referred to a special commissioner who heard proof and submitted a report. Appellant Wenk specifically moved the court to approve the commissioner's report. In that report the commissioner set out certain liens, including a lien in favor of Wenk in the sum of $5,293.96. The commissioner also recommended that Tabor's claim be allowed to the extent of $425. For reasons not entirely clear on the record, but of no importance now, the judgment that was entered directed that the leaseholds of Ruby, along with certain equipment thereon, be sold by the master commissioner to *satisfy* four named lien creditors but *subject* to the liens of certain other creditors, including appellant Wenk. The judgment did not grant any lien to Tabor, but did authorize that an execution issue on the money judgment of $425. It was from that judgment that an appeal was filed by Ruby; appeal was dismissed May 18, 1962.

When our mandate issued pursuant to the dismissal of the appeal, Ruby proceeded to pay those creditors whose claims were to be *satisfied* by sale of the leasehold property. Meanwhile, Tabor had caused execution to be levied on the leasehold and equipment for his $425 judgment. Wenk and Tabor have made repeated efforts to have the trial court enter an order directing the master commissioner to sell the leaseholds to satisfy their liens—all of which efforts have been predicated upon enforcement of the judgment in the original action.

■ The difficulty with the position of the appellants is that the original judgment did *not* direct a sale of the leaseholds to *satisfy* the claim of Wenk, but directed that the purchaser should take the property *subject* to Wenk's lien. Tabor's lien claim arose from the levy of an execution pursuant to the judgment; manifestly the

judgment did not and could not direct a sale for the enforcement of Tabor's lien. Therefore, neither of the appellants has a right *under the judgment* to insist upon a sale of the property to *satisfy* their claims. Patently, it would be futile to order the property sold subject to Wenk's lien, as provided in the judgment, since he would be then in the same position as before the sale. The liens may be enforced by further proceedings in this action for that purpose, but not under the judgment as it now stands.

■ Appellants are not entitled to relief against the principal or surety of the supersedeas bond that issued in the original appeal. CR 73.04. That bond had the effect of staying the enforcement of the original judgment, but so far as these appellants are concerned, the original judgment was not a money judgment against Ruby, who had appealed in the first appeal. The appellants are in the same position, so far as presently appears, as they were before the first appeal and accompanying supersedeas occurred. A different situation would be presented had Black Rock—the judgment debtor—superseded the judgment. Upon supersedeas of the first judgment by Ruby the sale of the leaseholds was stayed. As we have seen, these appellants were not entitled to sale under the judgment, so as to them nothing was accomplished.

■ ˙Appellees have not filed brief in this appeal. Appellants say in their brief that appellees claim to be subrogated to the rights of the lienholders, whose claims they have paid, and that the liens of appellants are invalid. Since appellees have not filed brief, we treat this as their confession that there is no merit in their contentions. RCA 1.260(c).

The judgment is affirmed.