Lester WENK et al., Appellants,

v.

David RUBY et al., Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Val A. House, Jr., Scottsville, for appellants.

Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, for appellees.

STEINFELD, Judge.

The present action is another effort to enforce collection of claims reduced to judgment.

Lester Wenk and L. C. Tabor filed suit against Black Rock Oil Corporation, David Ruby, Milton Singer and Business Development Company, Inc. Wenk demanded "that his judgment lien be enforced." The "judgment lien" to which Wenk referred was predicated upon a judgment entered on October 9, 1961, in the Allen Circuit Court. In part, that judgment provided:

"That Lester Wenk shall recover from the defendant Black Rock Oil Corporation, the sum of $5,293.96, for labor and materials on the D. S. Oliver and T. Y. Oliver leases, with 6% interest thereon from October 28, 1959, until paid; * * "

It also directed:

"The three leases ordered sold herein shall be sold subject to the following liens and indebtedness which the purchaser or purchasers shall assume:

1. Lien and judgment of Lester Wenk in the amount of $5,293.96 with 6% interest against D. S. Oliver and T. Y. Oliver leases."

Tabor demanded "that his execution lien be enforced." The execution to which he referred was issued pursuant to the same judgment. As to him, it read:

"Judgment is entered for L. C. Tabor against the defendant, Black Rock Oil Corporation, in the sum of $425.00 and interest from date until paid, and for which execution may be issued."

For a statement of facts regarding pertinent litigation see Wenk, et al. v. Ruby, et al., Ky., 379 S.W.2d 55, decided April 17, 1964. The appellants and the appellees in the 1964 appeal were Lester Wenk, L. C. Tabor, David Ruby, Milton Singer and the Fidelity Deposit Company of Maryland. Black Rock Oil Corporation, while a party to that litigation was not designated either as an appellant or appellee in this court when that appeal was brought here.

After the decision was rendered on April 7, 1964, Wenk and Tabor made various motions in the original action by which they sought to have the court modify or supplement the original judgment so that they could force a sale of the subject leaseholds and thereby obtain satisfaction. They also sought to make Business Development Company, Inc. a party to those actions. They claimed that Ruby and Singer on December 2, 1963, had sold and transferred the leaseholds to Business Development Company, Inc. Ruby and Singer resisted. On August 28, 1965, the court overruled these motions. Nothing more was done.

Another suit was filed, the judgment of which is now before us. The parties are Black Rock Oil Corporation, David Ruby,

Milton Singer and Business Development Company. Inc. The lower court made findings of fact and conclusions of law and entered a final judgment on June 29, 1966. It dismissed the claims of Wenk and Tabor and on the counter-claim filed by Ruby and Singer on behalf of Business Development Company, Inc., it enjoined Wenk and Tabor from attempting to bring about a sale of certain leaseholds and equipment owned by Business Development Company, Inc.

■ Tabor moved that he be permitted to appeal. The motion was sustained. Wenk appeals as a matter of right. They designated Ruby, Singer, Black Rock Oil Corporation and Business Development Company, Inc. as the appellees. Since Wenk, Tabor, Ruby, Singer and Black Rock Oil Corporation were parties to the 1964 litigation, the opinion on that appeal is the law of this case as to them. It is binding on those parties, the trial court and the Court of Appeals. Martin, et al. v. Frasure, et al., Ky., 352 S.W.2d 817.

In the 1964 decision we held that "neither of the appellants had a right *under the judgment* to insist upon a sale of property to *satisfy* their claims." We also said "the liens may be enforced by further proceedings in this action for that purpose, but not under the judgment as it now stands." Wenk and Tabor brought the current action to enforce Tabor's execution and Wenk's lien. They alleged that Business Development Company, Inc. (the only new party to the current litigation) is claiming some interest in the property and they demanded that it set up that interest or be barred. Business Development Company, Inc. did not answer. Ruby and Singer filed a counter-claim seeking to enjoin Wenk and Tabor from continuing their efforts "to attach or sell the W. H. Foster, D. S. Oliver and T. Y. Oliver oil and gas leaseholds and equipment now owned and held by Business Development Company, Inc., as the assignee of Ruby and Singer."

■ Tabor's efforts are to enforce an execution issued on the judgment in the original action. He has not referred us to any rule of law which permits him to bring a subsequent action, under the circumstances existing here, to obtain a *sale* of property levied on in the prior action. We know of none.[1]

In the 1964 decision we stated "that the original judgment did *not* direct a sale of the leaseholds to *satisfy* the claim of Wenk," and that *"under the judgment"* Wenk had no right "to insist upon a sale of the property to *satisfy*" the claim he is asserting here.

■ Wenk also has not furnished to us authority which authorized him to bring this separate action to obtain a sale of property by reason of a lien adjudged to him in the earlier proceeding. We know of none.

■ We adhere to the principle that piecemeal litigation is contrary to the policy of the courts. Perry's Adm'r v. Louisville & N. R. Co., 199 Ky. 396, 251 S.W. 202, 39 A.L.R. 560; 1 Am.Jur.2d 648, sec. 127.

The trial court was correct in dismissing the action brought by Tabor and Wenk.

■ However, it is also our opinion that the court below was in error in granting an injunction against Tabor and Wenk prohibiting them from efforts to subject property held by Business Development Company, Inc. to the satisfaction of the judgment. The complaint named Business Development Company, Inc. as a defendant. It did not answer. Instead Ruby and Singer filed a counter-claim in their name, to protect Business Development Company, Inc. Ruby and Singer were not the "real party in interest", therefore, they had no right to claim for Business Development Company, Inc. Cr 17.01. L & N R Co. v. Mack Mfg.

---

1. This is not a discovery proceeding brought under CR69, or an action in aid of an execution, authorized by KRS 426.381.

Corporation, Ky., 269 S.W.2d 707. The injunction should be dissolved.

The judgment is affirmed in dismissing the complaint and reversed in granting an injunction.

All concur.