**Lester WENK, Appellant,**

v.

**David RUBY et al., Appellees.**

**L. C. TABOR, Appellant,**

v.

**David RUBY et al., Appellees.**

Court of Appeals of Kentucky.

June 14, 1968.

Val A. House, Jr., Scottsville, for appellants.

Paul Huddleston, Bowling Green, Frank R. Goad, Scottsville, Charles H. Reynolds, Bowling Green, for appellees.

DAVIS, Commissioner.

In this opinion we shall dispose of the appeal prosecuted as a matter of right by Lester Wenk and the appeal prosecuted on motion by L. C. Tabor, as each appeal is ruled by the same principles. The matters at issue have found their way into this court on three previous occasions. The result in two of the former appeals may be seen in Wenk v. Ruby, Ky., 379 S.W.2d 55, and Wenk v. Ruby, Ky., 412 S.W.2d 247. An earlier appeal in behalf of Ruby and Singer was dismissed for failure to timely file briefs.

As may be seen by examination of the two opinions just cited, Wenk and Tabor have obtained liens respecting certain leaseholds and equipment originally owned by appellees, David Ruby and Milton Singer, and now transferred to appellee, Business Development Company, Inc. In an effort to clarify the problems at hand, we shall undertake a chronological recital of the steps in the litigation which culminated in the present appeals.

Ruby and Singer, d/b/a White Plains Oil Company, held certain oil and gas leases in the White Plains area of Allen County. In 1959 they granted certain individuals from Texas a ninety-day option to purchase the leaseholds and certain equipment for $165,000 of which $5,000 was paid down for the option. The Texas individuals organized a Texas corporation known as Black Rock Oil Corporation (hereinafter Black Rock) and undertook exploration and testing of the properties in that corporation's name. There were procedural irregularities in perfecting the corporate existence of Black Rock, but extensive operations in that company's name were carried on and many obligations incurred. Some nine creditors, having accounts aggregating about $16,000, raised clamor concerning nonpayment of

their accounts. This came to the attention of Ruby and Singer who filed suit on February 9, 1960, in the Allen Circuit Court demanding that Black Rock and its promoters be compelled to pay all outstanding obligations and to pay individuals for alleged injuries to the leaseholds. All known existing claimants against Black Rock were joined as defendants in the suit, and unknown claimants were constructively served.

That litigation resulted in a judgment entered October 9, 1961, which provided in part that nine of the claimants should have judgment in personam against Black Rock, but no such judgments in personam were granted to any of the parties against Ruby and Singer. However, the judgment did provide that eight of the claimants should have a lien upon the leaseholds and equipment of Ruby and Singer to secure satisfaction of their judgments against Black Rock. For reasons which are not disclosed and not now apparent to this court or to the circuit court, the judgment proceeded to order a sale of three of the leases to satisfy four of the liens, but did not authorize satisfaction of the lien adjudged to Wenk and three other parties. As to those four liens, the judgment directed that the leases should be sold *subject* to the liens.

It was from that judgment that Ruby and Singer undertook an appeal which was dismissed because of late filing on briefs for appellants. It appears that Ruby and Singer had been engaged in settlement negotiations with the lien claimants and, in fact, ultimately compromised all lien claims except Wenk's and Tabor's at 90% of face value.

After the first appeal had been dismissed, Wenk filed motions and other pleadings in the circuit court in the same action demanding sale of the leaseholds or satisfaction of his claim from the surety on the supersedeas bond. These motions were overruled on December 8, 1962, and it was from the order so overruling them

that the second appeal was prosecuted. Appellants were unsuccessful in the appeal. See Wenk v. Ruby, Ky., 379 S.W.2d 55. In the course of that opinion it was pointed out that neither Wenk nor Tabor had a right under the judgment to seek a sale of the property to satisfy their claims, because the judgment merely directed that the sale be made subject to the claim of Wenk and made no reference at all to any lien of Tabor. It was further observed in the opinion: "The liens may be enforced by further proceedings in this action for that purpose, but not under the judgment as it now stands."

After the mandate was issued pursuant to the opinion in Wenk v. Ruby, Ky., 379 S.W.2d 55, Wenk and Tabor renewed their efforts in the circuit court to obtain a sale of the leases in satisfaction of their claims by tendering amended complaints and seeking a supplemental judgment. These efforts were met by objections on the part of Ruby and Singer, and on August 28, 1965, the court entered an order which recited in pertinent part:

"The Court heard and considered the following motions: (1) Motion of Lester Wenk to file amended complaint tendered on June 24, 1965; (2) Motion of L. C. Tabor to enter 'Order or Writ of Sale,' tendered on or about July 13, 1964; and (3) Motion of Lester Wenk and L. C. Tabor to file amended complaint and order issuance of summons against Business Development Company, Inc., tendered on or about July 13, 1964.

"The court, being advised by the arguments of counsel and a review of the record and decisions of the Court of Appeals of Kentucky, adjudges that said motions do not assert claims upon which relief can be granted in the present actions.

"Wherefore, the said motions of Lester Wenk and L. C. Tabor, each and all of them, are hereby overruled.

"It is noted that Lester Wenk and L. C. Tabor object and reserve exceptions to this ruling.

"This 28 day of August, 1965.

/s/ Joe P. Clark
Judge of Allen Circuit Court"

Thwarted in their efforts by the just quoted order, Wenk and Tabor filed a separate action seeking enforcement of their lien claims. Ruby and Singer, on behalf of Business Development Company, sought and obtained an injunction prohibiting Wenk and Tabor from attempting to bring about a sale of leaseholds and equipment owned by Business Development Company. An appeal was prosecuted from that judgment which resulted in the decision reported in Wenk v. Ruby, Ky., 412 S.W.2d 247. We said in the latter opinion that the court correctly declined to entertain the separate action but erred in granting the injunction. We pointed out that under the "law of the case" rule Wenk and Tabor were required to proceed in the original action.

After the mandate in the last mentioned appeal, Wenk and Tabor undertook to proceed in the original action but were denied relief on the basis that the order entered August 28, 1965, was a final order from which no appeal had been prosecuted and that the court had no further jurisdiction. It is from this ruling that the present appeal is prosecuted.

CR 54.01 provides in part: "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." In Brumley v. Lewis, Ky., 340 S.W.2d 599, 600, it was pointed out " * * * that the final and appealable character of an order should be tested on the basis of 'whether the order grants or denies the ultimate relief sought in the action or requires further steps to be taken in order that the parties' rights may be finally determined.' " Commonwealth ex rel. Reeves v. Unknown Heirs of Brown, Ky., 249 S.W.2d 52, was decided before the effective date of the present Civil Rules of Procedure, but its rationale is applicable insofar as it deals with the proper test in measuring finality of an order for purposes of an appeal. There we quoted with approval what had been said in Mergenthal v. South Covington & Cincinnati Street Railway Company, 104 Ky. 424, 426, 47 S.W. 257, 258:

"A final judgment is one that either terminates the action itself, or decides some matter litigated by the parties, or operates to devest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition."

Viewed in light of these precepts, it is our conclusion that the order of August 28, 1965, was not a final or appealable order, because it did not destroy or otherwise militate against the existence of the liens claimed by Wenk and Tabor. The court ruled that the motions then before it failed to assert claims upon which relief could be granted and overruled those motions, but did not cancel the liens or undertake to terminate the litigation. In view of our rulings upon the two previous appeals hereinbefore cited, it is our conclusion that the present appellants do have a right to proceed further in the pending action in order to enforce their lien claims.

The judgment is reversed in the appeal of Lester Wenk v. David Ruby et al., and the judgment is reversed in the appeal of L. C. Tabor v. David Ruby et al., with directions that further proceedings be permitted looking toward the enforcement of the lien claims of Lester Wenk and L. C. Tabor.

All concur.